WHITTELSEY and Wife *v.* BEALL.

In a bill of foreclosure and for a sale of the land mortgaged, the premises must be so described that, should a sale be decreed, the officer may know on what land to enter to execute the order of the Court.

ERROR to the *Knox* Circuit Court.

SULLIVAN, J.—Bill to foreclose a mortgage. The bill states that *Whittelsey* was indebted to *Beall* in the sum of 1,605 dollars, and to secure the payment, *Whittelsey* and wife executed to the complainant a mortgage on a tract of land described in the bill as follows, viz. "That certain tract or parcel of land containing 300 acres, lying and being in the county of *Knox* and state of *Indiana*, about four miles north-east of *Vincennes* and adjoining lands of *David M'Cord* and others, being the same tract of land that was conveyed to said *Isaac N. Whittelsey* by *Benjamin Tomlinson* and *John Ross*, on the 25th day of *May*, 1837."

The defendants demurred to the bill, and the demurrer was overruled by the Court. After other proceedings not necessary now to be noticed, the bill was taken as confessed, and the Court decreed the foreclosure of the equity of redemption, the payment of the money due by a certain day named, and in default of payment that the sheriff sell the said mortgaged premises to the highest bidder, at public vendue, as other lands are sold on execution, and that he make a deed of conveyance to the purchaser, &c.

May Term,
1839.

THE STATE
v.
LOCKWOOD.

The objection urged to the bill is, that the description of the land is too indefinite to authorise the Court to make a decree ordering the sale of it.

We think the objection well taken. We do not mean to say that the description is so vague as to make the deed inoperative. It may be sufficient to convey the land. That point however is not before us. But we think the bill is defective in not so describing the land, that the officer of the Court may know on what premises to enter to execute the order of the Court. It was formerly considered an established principle, that the description of lands in an action of ejectment must be so certain as to enable the sheriff exactly to know, without any information from the lessor of the plaintiff, of what to deliver possession. That maxim has been abolished, and it is now the practice for the sheriff to deliver possession of the premises recovered in that action, according to the directions of the claimant, who therein acts at his own peril. Adams on Eject. 23. But in a sale of land on execution, the case is different. The sheriff, at his own peril, must enter upon and sell the right land.

The bill is defective in not describing by metes and bounds, by name, or otherwise, the premises to be sold; and the decree must for that reason be reversed.

*Per Curiam.*—The decree is reversed with costs. Cause remanded with leave to amend the bill.

*S. Judah,* for the plaintiffs.
*R. Crawford,* for the defendant.

