## NOLTE *v.* LIBBERT, Administrator.

ADMINISTRATOR.—*Abatement.*—The right of a plaintiff to sue as executor or administrator can be called in question only by answer in abatement sworn to.

SAME.—*Mortgage.*—Where a mortgage is executed to one to secure money to be paid to another, the latter, if alive, can maintain a suit to foreclose the mortgage, and if he be dead, the action is properly brought by his administrator.

SAME.—*Minor.*—Where a mortgage was made to one, the money secured thereby being payable to another, a minor, who afterwards died before reaching majority;

*Held,* in a suit by the administrator of said minor to foreclose the mortgage, that the complaint was not bad for failing to allege that the minor accepted of and assented to the contract.

SAME.—Where a mortgage was given to secure the payment of money to one, at the time a minor, *when* he should arrive at the age of twenty-one years, and he died before reaching that age;

*Held,* that an action on the mortgage could be maintained by the personal representative of said minor, commenced at the time when the latter, if living, could have brought the suit.

FORECLOSURE.—*Pleading.*—*Description of Lands.*—Suit to foreclose a mortgage, the complaint alleging, that on, &c., the defendant conveyed, warranted, and mortgaged to, &c., certain tracts of land accurately described, to secure a debt evidenced by said mortgage, a copy of which was filed with the complaint, the only description of the land contained in the mortgage being, "ninety-nine acres and 76-100 this day deeded to him." It was not further alleged that the land described in the complaint was the same as the land so described in the mortgage, or that it was the land described in the deed referred to in the mortgage; nor was said deed set out; nor was the description contained in said deed shown.

*Held,* on demurrer, that the complaint was bad for want of sufficient description of the land mortgaged.

APPEAL from the Dearborn Circuit Court.

BUSKIRK, J.—This was an action brought by the appellee against the appellant, to foreclose a mortgage on certain real estate situate in Dearborn county.

The complaint alleges that the appellant, on the 16th day of March, 1857, executed a mortgage, conveying to Frederick Nolte, deceased, a certain tract of land which is specifically described, as security for a debt evidenced by the said mortgage, a copy of which was filed with, and constituted a part of, the complaint; that the principal and interest of the

said debt then amounted to eight hundred dollars, and that the same had not been paid to Frederick Nolte, in his life-time, and that the same remains due and wholly unpaid; and that Frederick Nolte was, at the time of his death, under the age of twenty-one years, but that he would have been of the age of twenty-one years at the commencement of the action, if he were then living.

The mortgage filed with the complaint is dated the 16th of March, 1857, and so much thereof as is necessary for the purposes of the case under consideration reads as follows:

"I, Christian Nolte, Jr., mortgage and warrant to Christian Nolte, Sr., ninety-nine acres and $\frac{76}{100}$ of land this day deeded to him, to secure the payment of four hundred and fifty dollars, which is to be paid to Frederick Nolte when he arrives at the age of twenty-one years, and not to bear interest for two years from this date."

There are other stipulations in the mortgage, but they in no manner affect the questions involved in this case. The mortgage was properly executed and recorded. The appellant demurred to the complaint for the reason that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled, and proper exception was taken. The appellant refused to answer further, and thereupon the cause was submitted to the court for trial, and the evidence being heard, the court found that there was due on the said mortgage, from the appellant to the appellee, the sum of seven hundred and twelve dollars and fifty cents, and decreed a foreclosure of the mortgage, and the sale of the equity of redemption in and to the lands described in the complaint. There was no motion for a new trial. The evidence is not in the record.

The only question that is presented for the consideration and decision of this court is, whether the court erred in over-ruling the demurrer to the complaint.

The first objection urged to the complaint is, that there is no direct averment, in the complaint, of the death of Frederick Nolte, and that the appellee could not maintain an ac-

tion as administrator, without such averment. The question as to the legal capacity of the plaintiff to sue may be presented by demurrer and answer, but the question is not raised by a demurrer assigning for cause of demurrer the insufficiency of the complaint to constitute a cause of action. *Mandlove* v. *Lewis*, 9 Ind. 194; *Collins* v. *Nave, id.* 209. This is the rule where the action is not brought by an executor or administrator; but where the action is brought by an executor or administrator, his right to sue can only be called in question by a plea in abatement sworn to.

Section 151, 2 G. & H. 527, prescribes what actions may be brought by an executor or administrator. Section 152, 2 G. & H. 527, reads as follows: " In any suit contemplated by the preceding section, it shall not be necessary for such executor or administrator to make profert of his letters, nor shall his right to sue as such executor or administrator be questioned, unless the opposite party shall file a plea, denying such right, with his affidavit to the truth thereof thereunto attached; in which case a copy of the letters issued to such executor or administrator, duly authenticated, shall be all the evidence necessary to establish such right." There is nothing in this objection.

The next objection urged is, that the complaint charges that the mortgage was made to Frederick Nolte, and the mortgage filed with the complaint shows that it was executed to Christian Nolte, Sr., and that the administrator of Frederick cannot maintain an action thereon. The mortgage was executed to Christian Nolte, Sr., but the money was to be paid to Frederick Nolte. This made him the real party in interest, and if he was alive he could maintain the action, and being dead, the action is properly brought by his administrator. *Heavenridge,* v. *Mondy, ante,* p. 28.

The next objection urged to the complaint is, that the mortgage being executed to Christian Nolte, Sr., but the money being payable to Frederick Nolte, the consideration did not move from Frederick; and there being no allegation that Frederick ever accepted of or consented to the contract, his ad-

ministrator cannot maintain the action. Frederick Nolte was a minor, and the contract being beneficial to him, the law raises a presumption that he accepted of, and assented to, the contract. If the law was otherwise, the appellant has no right to raise the objection.

It is next urged that no right of action exists on the mortgage, for the reason that the money was payable only on the condition that Frederick Nolte should live to be of the age of twenty-one years, and that, as he died before he arrived at the age of twenty-one years, his personal representative cannot maintain an action thereon. We do not think that this is the correct interpretation and construction of the mortgage. The mortgage declares that the money shall be paid *when* he arrives at the age of twenty-one years. This only designates the *time when,* and not the condition on which the money was to be payable. If Frederick Nolte were alive, he could maintain the action. The right of action did not die with him, but survived to his personal representative.

Redfield, Law of Wills, v. 2, ch. 2, § 16, 57, says : "The point which determines the vesting or lapsing of a legacy given *in futuro,* is not whether time is annexed to the gift, but whether it is annexed to the substance of the gift as a condition precedent, and that is to be determined, as a matter of intention, upon the whole will." See 2 Redf. on Wills, ch. 2, § 16, 54 to 63 and notes; 1 Perkins' Jarman on Wills, 758 and note; Williams Executors, 1083; *Patterson* v. *Ellis' Ex'rs,* 11 Wend. 259; *Andrews* v. *N. Y. Bible Society,* 4 Sandf. 156; *Young* v. *Stoner,* 37 Penn. St. 105; *Chew's Appeal, id.* 23; *Ross* v. *Drake, id.* 373; *Lantz* v. *Trusler, id.* 482.

The last objection urged to the complaint is, that the description of the land mortgaged is too vague and uncertain, and that the land described in the complaint is not alleged to be the land mortgaged. The only description of the land in the mortgage is, "ninety-nine acres and $\frac{76}{100}$, this day deeded to him." It is not described by metes and bounds, or by the congressional survey; nor does it appear that the land is situated in Dearborn county, Indiana. This description is

wholly defective. The land should be described with such accuracy and particularity that the sheriff could put the purchaser in possession of the premises from the description. But it is claimed that the land is properly described in the complaint. We do not think so. The complaint says that the appellant conveyed, warranted, and mortgaged several tracts of land, an accurate and particular description of which is given, but it is not alleged that it is the same land mortgaged, or that it was the land described in the deed from Christian Nolte, Sr., to Christian Nolte, Jr., and which is referred to in the mortgage. The deed is not in the record, and we do not know what description it contains. If the land is properly described therein, and it is alledged and proved that the land described in the deed was the land mortgaged, this might make a proper description, but if such is not the case, then the mortgage would have to be reformed, which could be done in the proceeding to foreclose. But we hold that there is no proper and sufficient description of the land mortgaged, in the record, and for this reason the cause must be reversed. Upon this point we refer to the following authorities : *Whittelsey* v. *Beall*, 5 Blackf. 143 ; *Davis* v. *Cox*, 6 Ind. 481 ; *Hunter* v. *McCoy*, 14 Ind. 528 ; *Torr* v. *Torr*, 20 Ind. 118 ; and *Guy* v. *Barnes*, 24 Ind. 345.

The appellant insists that the judgment is erroneous for the reason that there was a personal judgment rendered against him, when there was no obligation for the payment of the money other than the mortgage. There was no motion for a new trial. The case comes here solely upon the ruling on the demurrer, and we can consider nothing that occurred subsequent to the overruling of the demurrer, in the condition of the record.

The judgment is reversed, with costs, and with directions to the court below to set aside all the proceedings subsequent to the overruling of the demurrer, to sustain the demurrer to the complaint, and for further proceedings in accordance to this opinion.

PETTIT, C. J., dissents, for the reason that he holds that the money was to be paid to Frederick Nolte on the condition that he arrived at the age of twenty-one, that his arrival of age was a condition precedent to his right to receive the money, and that as he died before arriving of age, his personal representatives cannot recover.

*W. S. Holman,* for appellant.

*D. S. Major* and *A. B. Liddell,* for appellee.