WHITE ET AL. *v.* HYATT, EXECUTOR.

MORTGAGE.—*Defective Description of Real Estate.—Evidence.*—In a complaint to foreclose a mortgage of real estate, the complaint and mortgage described

the premises as follows, after naming the county and state in which they are situated: "a part of the north-east quarter of section 19, township 7, range 12 east, containing 97 17-25 acres; also a part of the south-west quarter of section 18, township 7, range 12 east containing about 33 acres; being the same lands this day deeded by" A. to B. "and being more fully described in said deed."

*Held,* that the description was too indefinite to enable the sheriff to sell, or a purchaser to buy.

*Held,* also, that as the mortgage was defective in the description of the real estate, and could not constitute a proper basis for a judgment of foreclosure, it should not have been admitted in evidence.

*Held,* also, that it was error to allow the plaintiff to prove a more perfect description of the mortgaged premises, without any pleading to justify such evidence, and to then base a judgment of foreclosure on such evidence.

APPEAL from the Ripley Circuit Court.

DOWNEY, J.—This was a suit by the appellee against the appellants, to foreclose a mortgage to secure the payment of two promissory notes, one of which was due at the commencement of the action, and the other was not. The complaint is as follows, after the introductory part: "Lawrence Hyatt, executor of the estate of Thomas Davis, deceased, complains of James White and Ann White and says the defendants executed a mortgage conveying to the plaintiff the tracts of land therein described, as security for the payment of a debt evidenced by two notes, a copy of said mortgage and notes being filed herewith, amounting to three thousand and sixty-six dollars and sixty-six cents, which yet remains unpaid; wherefore," etc.

The premises are described in the mortgage as follows, after naming the state and county in which they are situated: "A part of the N. E. $\frac{1}{4}$ of section 19, township 7, range 12 east, containing 97 $\frac{17}{25}$ acres; also a part of the south-west quarter of section 18, township 7, range 12 east, containing about 33 acres; being the same lands this day deeded by the said Hyatt, as executor of Thomas Davis, to said White, and being more fully described in said deed."

The defendants demurred to the complaint, but their demurrer was overruled. They moved to strike out the note which had not yet matured, from the complaint, and this

motion was overruled. They also moved to separate the complaint into two paragraphs, which motion was also overruled, to all of which rulings they excepted. They pleaded the general denial, and payment; also another paragraph, which was stricken out. There was a reply, by denial, to the paragraph of payment. On the trial of the cause, they objected to the introduction of the mortgage in evidence, on account of the indefiniteness of the description of the mortgaged premises, and for other reasons. The court overruled the objections, and allowed the mortgage to be read in evidence. The defendants excepted. The plaintiff then offered in evidence a deed from one Davis and his wife to one Purcell, for part of the north-east quarter of section nineteen, township seven, range twelve. To this the defendants objected, but their objection was overruled, and the deed read in evidence. The court also admitted in evidence, over the objections of the defendants, the record of a partition suit, tending to render definite the description of the mortgaged premises, and upon such evidence found for the plaintiff, and overruling a motion for a new trial, rendered a judgment against James White for the amount of both notes, and for the foreclosure of the mortgage and sale of the mortgaged premises by the descriptions given in the evidence offered, but not as described in the mortgage.

These various rulings of the court are properly assigned as error.

We are of the opinion that the description of the mortgaged premises in the complaint and mortgage is too indefinite. Ninety-seven acres and a fraction of an acre somewhere in a quarter section which contains one hundred and sixty acres, is too indefinite a description to enable the sheriff to sell or a purchaser to buy. The other tract, which contains about thirty-three acres, and is somewhere in a quarter section, is still more indefinite. It has been decided by this court that in a complaint to foreclose and for the sale of the lands mortgaged, the premises must be so described that, should a sale be decreed, the officer may know on what

White *et al. v.* Hyatt, Ex'r.

land to enter, to execute the order of the court. *Whittelsey* v. *Beall,* 5 Blackf. 143; *Nolte* v. *Libbert,* 34 Ind. 163.

If it be supposed that the demurrer to the complaint was properly overruled because it might be regarded as a complaint on the matured note, and therefore as containing a good cause of action, still we think the question is properly presented. The court did not stop with the rendition of a personal judgment against James White for the amount of the matured note, but rendered a judgment for the amount of both notes, and for the foreclosure of the mortgage and a sale of the mortgaged premises.

The defendants sought by motion to separate the complaint into two paragraphs, so as to present the question as to the right to maintain the action to foreclose the mortgage, and sought also to strike out the note which had not matured; but the court refused these motions. The court admitted the mortgage in evidence over the objections of the defendants. As the mortgage was defective in the description of the real estate, the court should have excluded it, as not constituting a proper basis for a judgment of foreclosure. But again the court allowed the plaintiff to prove a more perfect description of the mortgaged premises, without any pleading to justify such evidence, and based its judgment on evidence of matters outside of the pleadings, instead of basing it on the pleadings. If the deed referred to in the mortgage, as containing a more perfect description of the premises, had been made part of the complaint, or if the correct description had been set out in the complaint, doubtless proper evidence would have been admissible to render the description certain, for that is regarded as certain which is capable of being rendered certain. But we need not decide what might have been done. We are clearly of the opinion that the judgment rendered cannot be sustained.

The judgment is reversed, with costs, and the cause remanded, with instructions to allow the plaintiff to amend the complaint, if he desire to do so.

*E. P. Ferris* and *H. T. Lipperd,* for appellants.