## Struble et ux. *v.* Neighbert.

PLEADING.—*Mortgage.*—*Foreclosure.*—*Description.*—The complaint for a foreclosure of a mortgage should so describe the premises that, if a sale is ordered, the officer may know on what to execute the order.

SAME.—The complaint for a foreclosure of a mortgage is fatally defective where, without containing a sufficient description of the premises mortgaged, it refers to the mortgage made a part thereof, which contains no sufficient description, but itself refers therefor to another instrument.

APPEAL from the Ripley Common Pleas.

OSBORN, J.—This was an action to foreclose a mortgage executed by the appellants to the appellee. There was a default and judgment of foreclosure.

The only question which we consider necessary to decide is as to the sufficiency of the description of the mortgaged property.

The complaint is in the usual form, stating the execution

of the notes and mortgage, and that copies are filed with it. It alleges that the appellants executed a mortgage conveying to the plaintiff the tract of land therein described. The only description of the land given is in the copy of the mortgage, which is as follows: "The following real estate situate in Ripley county, in the State of Indiana, to wit, a certain lot or parcel of land lying and being in sections seventeen (17) and eighteen (18), in town seven, north of range twelve east. For a more definite description of said tract of land see deed of conveyance from said Thomas M. Neighbert and wife to said Struble, dated March 31st, 1870, recorded in the recorder's office at Versailles, Ripley county, and State of Indiana, which is made a part of this mortgage."

The description fails to designate any particular piece of land. It does not even state the quantity. It lies in two sections, and that is all the description that is given.

In a complaint for a foreclosure, it should so describe the premises that if a sale is ordered the officer may know on what land to enter to execute the order of the court. *Whittelsey* v. *Beall*, 5 Blackf. 143; *Nolte* v. *Libbert*, 34 Ind. 163; *White* v. *Hyatt*, 40 Ind. 385.

The complaint was fatally defective for the want of a sufficient description. It would be impossible for any one to locate the land from it. With proper averments in the complaint, undoubtedly it can be made good.

The said judgment of the said court of common pleas of Ripley county is reversed, with costs, with instructions to permit the said appellee to amend his complaint, and not to render judgment of foreclosure thereon without amendment.

*G. Durbin*, for appellants.