Kercheval *et al. v.* Lamar *et al.*

---

## KERCHEVAL ET AL. *v.* LAMAR ET AL.

,SHERIFF'S SALE.—*Proceeding to set Aside.—Defective Description of Property.—Execution.—Vacating Satisfaction of Judgment.—Pleading.*—In a proceeding to have a sheriff's sale set aside, a receipt on an execution cancelled and declared void, satisfaction of a certain judgment vacated and set aside, and the judgment declared in full force from the rendition thereof, the complaint alleged the recovery of the judgment by the plaintiff against the defendant, the levy of the execution by the sheriff upon certain land of the defendant, the advertisement and sale, and the purchase thereof by the plaintiff to satisfy his judgment; it further alleged that the plaintiff received the sheriff's certificate and deed, and that the execution was returned satisfied; that in the levy, advertisement of sale, certificate of sale and deed, the land was described as follows: "A part of sections five (5) and eight (8), in township seven (7) south, of range five (5) west, 14 acres;" that the pretended sale, and the deed made in pursuance thereof, constituted the sole consideration for the plaintiff's receipt upon the execution, and for the apparent satisfaction of his judgment.

*Held,* that the description is so defective as to convey nothing, the complaint sufficient, and the plaintiff entitled to the relief sought.

From the Spencer Circuit Court.

*C. A. DeBruler* and *E. R. Hatfield,* for appellants.

*A. L. Roache, E. H. Lamme, F. M. Finch, J. A. Finch, D. T. Laird* and *J. W. Laird,* for appellees.

SCOTT, J.—The plaintiffs filed a complaint to have a sheriff's sale set aside and a receipt on an execution cancelled and declared void, and satisfaction of a certain judgment vacated and set aside, and the judgment in favor of the plaintiffs, and against the defendants, declared in full force from the rendition thereof.

The complaint, as to the facts alleged, is substantially this :

At the January term of the Spencer Circuit Court, 1875, the appellants recovered a judgment against the appellees. Execution was levied, or attempted to be levied, by the sheriff, upon certain land of the appellee Lamar. The land was advertised for sale, and, on the 24th day of April, 1875, was sold by the sheriff, and bought in by the appellants, for the amount of the balance due on their judgment and costs, a portion having been before collected. The appellants received the sheriff's certificate of purchase, and, at the expiration of twelve months from the date of the sale, they received a sheriff's deed to the property, and the execution was returned satisfied.

In the levy, the advertisement of sale, the certificate of sale and the deed, the land is described as follows :

"A part of sections five (5) and eight (8), in township seven (7) south, of range five (5) west, 14 acres."

It is further alleged in the complaint that the pretended sheriff's sale, and the deed made in pursuance thereof, constituted the sole and only consideration for their receipt upon the execution, and for the apparent satisfaction of their judgment.

A demurrer for want of sufficient facts was sustained to the complaint and exception entered, and judgment rendered against the appellants for costs. This ruling of

the circuit court presents the only question to be determined in this court.

The description in the levy, certificate and deed, is so utterly defective as to convey absolutely nothing. If the appellants got nothing by their purchase, by reason of the defective proceeding, their judgment is not satisfied in equity, and they are entitled to have the levy, sale, deed and entry of satisfaction set aside, and their judgment reinvigorated and declared in full force from the rendition thereof.

This, as we think, is in accordance with sound principles, and is sanctioned by authority. In *Hughes* v. *Streeter*, 24 Ill. 648, WALKER, J., in passing on this question, uses the following language :

" But we have no such reference, and we have no doubt that the description is so defective that no title whatever passed by the sale. This being the case, the defendant in error did not obtain any thing by his purchase, and has an equitable right to have the levy and sale set aside, and an execution awarded, by which he may acquire the benefit of his judgment."

We think this is unquestionably the just and equitable rule.

The circuit court erred in sustaining the demurrer to the complaint. The judgment is reversed, with costs ; cause remanded, with instructions to the circuit court to overrule the demurrer to the complaint, and for further proceedings in accordance with this opinion.