Bayless *et al. v.* Glenn *et al.*

## No. 7421.

## BAYLESS ET AL. *v.* GLENN ET AL.

**PRACTICE.—**Complaint.—*Demurrer.*—A complaint which states one complete and sufficient cause of action is good on a demurrer thereto as an entirety, although a part of such pleading may be bad.

**PLEADING.—**Complaint.—*Exhibit, Recitals of.*—The recitals of an instrument properly set forth as an exhibit to a pleading not only aid the statements therein, but, in case of inconsistency between the allegations thereof and such recitals, will control.

**SAME.—**This is so, however, only where the instrument is a proper exhibit, and is never so where such instrument is not the foundation of the pleading, although it may be an important item of evidence.

**SAME.—** *Note. —Mortgage. —Description. — Foreclosure. — Exhibit.— Cases Distinguished.*—A complaint upon a note and to foreclose a mortgage given to secure the same is sufficient on a demurrer thereto for want of facts, although the mortgage attached as an exhibit contains an insufficient description of the property mortgaged. *Whittelsey* v. *Beall,* 5 Blackf. 143; *Nolte* v. *Libbert,* 34 Ind. 163; and *Struble* v. *Neighbert,* 41 Ind. 344, distinguished.

**SAME.—**A complaint based solely on a mortgage, and seeking a decree of foreclosure only, is insufficient on demurrer, if the real estate is so imperfectly described as to be void for uncertainty.

**PRACTICE.—**Where a complaint is good as a complaint on a note, but insufficient in so far as it seeks a decree of foreclosure, on account of the defective description of the real estate contained in the mortgage filed as an exhibit therewith, such defect in the mortgage can be reached either by a motion to strike out, by objection to the introduction of such mortgage in evidence, by objection to that part of the judgment therein decreeing a foreclosure, or by a motion to modify the same by striking out the portion of the judgment directing a foreclosure.

**SAME.—**A decree of foreclosure can not be attacked for the first time by an assignment of error in the Supreme Court based on the insufficiency of the description of the property mortgaged. *Cochran* v. *Utt,* 42 Ind. 267, distinguished.

**SAME.—**Judgment.—*Supreme Court.*—Where any part of a judgment is valid, it will not be disturbed by the Supreme Court unless proper steps have been taken by objection duly presented to the trial court to secure a modification or amendment of the invalid part.

**SAME.—***New Trial.*—"Error of the court in admitting illegal and improper evidence on the trial of said cause, over the objection of the defendant," is an insufficient assignment of a cause for a new trial.

From the Delaware Circuit Court.

*T. S. Walterhouse*, for appellants.
*W. March*, for appellees.

ELLIOTT, J.—The complaint of appellees sought judgment upon a promissory note executed by the appellants, and a decree foreclosing a mortgage by which the note was secured. A demurrer was sustained to the third paragraph of the answer, and appellants insist that this ruling was erroneous, not because the answer was good, but because the complaint was bad. Not a word is offered in defence of the answer, but the argument is, that as the complaint was bad the court ought to have carried the demurrer back and applied it to the complaint.

It is insisted that the complaint is bad, because it does not show that the land covered by the mortgage was situated in Delaware county. There is no force in this argument, for granting that the land was not shown to have been in the county of Delaware, the complaint, so far forth as it counted upon the promissory note, was unquestionably good. A demurrer addressed to an entire pleading, which states a cause of action, cannot be well taken, although some part of the pleading assailed may be bad. But the counsel is in error in assuming that the land is not shown to be in Delaware county. It is not shown, it is true, in the body of the complaint, but the copy of the mortgage, made an exhibit to the complaint, expressly recites that the real estate is situated in Delaware county, Indiana. The recitals of an instrument properly set forth as an exhibit not only aid the statements made in the body of the pleading, but, in case of an inconsistency between the allegations contained in the body of the pleading and the recitals of the exhibit, the latter will control. It is to be observed, however, that this is so only where the instrument is a proper exhibit; it is never so where an instrument is not the foundation of the pleading, although it may be an important item of evidence.

Another reason by which appellants attempt to support their attack upon the complaint is, that, conceding the mortgage to be properly a part of the complaint, the real estate is so imperfectly described as that the description must be held void for uncertainty. Granting that the appellants are correct in their assumption that the description is so uncertain as to be void, the conclusion which they draw is unwarranted. The complaint sets forth the note with all the usual and necessary allegations, and states, therefore, a good cause of action. A complaint which states at least one complete and sufficient cause of action can not be vulnerable to an attack made by a demurrer addressed to the entire pleading. If there is one substantive and valid cause of action stated, the complaint is good, although there may be an attempt to secure relief beyond that to which the complainant is entitled. If there is one full right of action shown, the complainant must, of necessity, be entitled to some judgment; and, if entitled to judgment, his right can not be defeated by a demurrer. Upon a ruling on a demurrer, by which the parties elect to stand, final judgment must go for one or the other of the parties, and manifestly for the party who has shown a cause of action, and not for the party who shows that the complaint is defective in so far only as it seeks relief upon an instrument executed as an auxiliary to the principal thing which gives the right of action. There may be a debt without a mortgage, but, except in a, comparatively, very few cases, no mortgage without a debt.

The appellants have cited some cases which seem to sustain the position that a complaint upon a note and mortgage is bad unless the mortgage contains a sufficient description of the property conveyed. This is, as it ought to be, the rule where the complaint is based upon a mortgage and seeks simply a decree of foreclosure. In *Whittelsey* v. *Beall,* 5 Blackf. 143, the question arose upon a bill in chancery under the old practice, and that case can not be regarded as

an authority under the system of procedure established by the code. In the case cited there was but one ground of equitable jurisdiction and but one cause for equitable relief, and if the former was not well stated a demurrer was, of course, entirely appropriate. In *Magee* v. *Sanderson*, 10 Ind. 261, there is an intimation that a complaint on a note and mortgage is bad, unless the property is sufficiently described, and *Whittelsey* v. *Beall* is cited, but the question was not presented; for, as the court said, neither note nor mortgage was filed with the complaint. In *Nolte* v. *Libbert*, 34 Ind. 163, a complaint which declared upon a mortgage only was held bad because the description of the real estate mortgaged was insufficient.

That case can not be regarded as in point upon the question here involved, because here there is a complete and distinct right of action upon the note, and one altogether independent of aid from the mortgage. In *White* v. *Hyatt*, 40 Ind. 385, the question here presented is touched, but not decided, and the fair inference is that the inclination of the court then was against the appellants' theory. In *Struble* v. *Neighbert*, 41 Ind. 344, the question was not made as it is here presented; in that case there was no very full consideration, for there was no brief at all from the appellee, and the question here involved can not be deemed to have been decided. It must, indeed, be owned that the language used in *Struble* v. *Neighbert* will admit of the construction given the case by the appellants, but still it can not be justly said that there was any authoritative judgment upon the question with which we now have to deal. The case of *Halstead* v. *The Board, etc.*, 56 Ind. 363, was a complaint to foreclose a mortgage and to recover judgment upon the note secured by the mortgage, and the court does there discuss the question we are now considering, but does not decide it. We think it may, therefore, be affirmed that the precise question now under discussion has never been directly decided

by this court. That a complaint based solely on a mortgage and seeking a decree of foreclosure only is bad upon demurrer if the real estate is not described, or is so imperfectly described as that the description is void for uncertainty, is, we think, unquestionably true, but this by no means leads to the conclusion that where both the note evidencing the debt, and the mortgage securing it, are set out, the complaint is bad because of the insufficient description of the real estate. The note is, in fact, the substance, the mortgage the shadow. The note is the principal, the mortgage the incident. This rule is a familiar one, and is illustrated in the very great number of cases which hold that the assignment of the note carries with it the mortgage. It is strikingly exemplified in the cases which hold that a mortgage securing a promissory note negotiable by the law merchant is protected in the hands of a *bona fide* holder of the note to the same extent as the note itself. *Gabbert* v. *Schwartz*, 69 Ind. 450.

The note is, in reality, the substantive cause of action, and it would involve a necessary self-contradiction to affirm that a complaint which properly declares on a note does not state a cause of action, because the incident, to which the note stands as principal, does not contain a sufficient description of the real estate which it was intended to convey by way of security. It must be held, that where a complaint properly counts upon a promissory note it is good, although the mortgage set forth in the same complaint is void because of the insufficiency of the description. We do not, of course, mean to hold that such a complaint would, if proper objection were made, warrant a decree of foreclosure ; what we do hold is that such a complaint can not be overthrown by a demurrer. It is one thing to state a cause of action justifying a recovery upon a note, and quite another to state facts entitling a complainant to a decree of foreclosure. The demurrer admits the facts stated (if properly pleaded), and, therefore, confesses a full and complete cause of action upon

the note, and it can not be possible that, in the face of such a concession, the defendants can have judgment. If the mortgage were essential to the cause of action and a material element in it, then it would be otherwise, but a right of action on the note exists independently of and entirely distinct from the mortgage. When that cause of action is properly set forth, there must be a good complaint, sufficient, at all events, to successfully withstand a demurrer addressed to the entire pleading.

If the complaint is good as a complaint on a note, but bad in so far as it seeks a decree of foreclosure, a defendant can reach the defect in the mortgage by a motion to strike out, by objection to the introduction of the mortgage in evidence, by objection to the part of the judgment decreeing a foreclosure, or by motion to modify by striking out the portion of the judgment directing a foreclosure and sale of the mortgaged property. In cases where the action was founded on a mechanic's lien, it has been several times held that if a good cause of action is stated, but a defective notice of lien shown, demurrer will not lie, and that the appropriate remedy is by a motion to strike out so much of the complaint as seeks to enforce the lien.. The cases to which reference is made are precisely the same in principle as the present; there is not a shade's difference between the two classes of cases. In the class represented by the mechanic's lien cases, if the only right to judgment is on the lien, and is a right to a judgment solely against the property, then, of course, a demurrer is the appropriate method of attack; but where there is a distinct right of recovery, existing apart from the lien, it is not. So the cases hold, and they are clearly right and apply to cases like the one now under examination, for, in principle, there is no difference whatever between the two classes.

It is argued that the court erred in rendering a decree foreclosing the mortgage, because of the insufficiency of the

description of the property mortgaged. This question was not in any way brought to the attention of the trial court, and we cannot consider it on appeal. No exception was taken ; in short, nothing was done to save the question now sought to be pressed upon us. We find on examination of the decree that it contains a perfect description, and we must presume that the court did right in decreeing a sale of the property described in the decree and judgment. If the appellants were dissatisfied with that part of the judgment directing a foreclosure, they ought to have made proper objection and saved exceptions, or have moved to modify. They cannot attack the decree for the first time by an assignment of error in the appellate court, it was their duty to have first specifically excepted to the part of the decree objected to, or have moved for a modification of the judgment in the court below, and ought also to have taken proper steps to reserve and present the question on appeal. The case of *Cochran* v. *Utt,* 42 Ind. 267, is not in point. A sale made by an auditor under a mortgage is entirely unlike a sale made upon a judgment rendered in a controverted legal proceeding had in a court of general jurisdiction. But, if the appellants should be correct in their assumption that the description is so uncertain as to be void, no harm can be done them by the decree, because, upon their own theory, no property at all would be conveyed. However this may be, it is quite certain that appellants have not put themselves in a condition to avail themselves of an error in a judgment confessedly valid in part, even though as to part erroneous. Where any part of a judgment is valid, it will stand unless proper steps have been taken by objection duly presented to the trial court to secure a modification or amendment, by amending or rejecting the part which is wrong.

The appellants insist that the court below erred in admitting certain evidence, but they have not properly presented the question which they argue. The only cause assigned for

a new trial; which refers to the admission of evidence, is stated in the following language : "Error of the court in admitting illegal and improper evidence on the trial of said cause, over the objection of the defendant." It has been again ánd again decided that such an assignment of a cause for a new trial is insufficient.

Judgment affirmed, at costs of appellants.