No. 9253.

### EICHBREDT ET AL. *v.* ANGERMAN.

SUPREME COURT.—*Assignment of Error.*—*Practice.*—A joint assignment of error by two or more appellants can not be sustained unless it is well assigned by all.

SAME.—*Demurrer.*—A joint demurrer is not well taken by several parties unless well taken by all.

MORTGAGE.—*Lien.—Complaint.—Foreclosure.*—A complaint, which seeks to enforce a lien and to recover a personal judgment, is sufficient if it states facts which entitle the party to a personal judgment, though the facts stated do not authorize the enforcement of the lien.

SAME.—*Married Woman.*—A mortgage executed by a married woman and her husband may be reformed and foreclosed against her.

SAME.—*New Trial.—Practice.—Husband and Wife.*—A motion for a new trial, in an action to foreclose such a mortgage, because the finding is wrong, raises no question as to the power of a married woman and her husband during a second marriage, to mortgage an interest in land held by virtue of a previous marriage, when the mortgage embraces an interest in such land not held by virtue of such marriage.

From the Lake Circuit Court.

*J. Kopelke,* for appellants.

*T. S. Fancher* and *J. W. Youche,* for appellee.

BEST, C.—The appellee brought this action against the appellants, to reform and foreclose a mortgage, and to recover a personal judgment. The complaint consisted of three paragraphs, all of which were, substantially, the same. The sub-

.stance of each was, that John Eichbredt and Caroline Eichbredt, on the 1st day of January, 1878, executed to the appellee a mortgage upon the following real estate, in Lake county, Indiana, to wit: " Fifty acres off the north side of the south half of the northeast quarter of section one, township thirty-three north, of range nine west," to secure the payment of four notes, of even date, for one hundred dollars each, payable by them to him, one, two, three and four years from date, respectively, with interest, and without relief; that, by the mutual mistake of the parties, the land was misdescribed, by omitting from the description the words "fifty acres," and inserting in lieu thereof these words: "Or interest in fee simple ;" that John Deitz claims an interest in the land, and he is-made a defendant, etc. Prayer for a judgment for $600, a reformation and a foreclosure of the mortgage.

John and Caroline Eichbredt united in a demurrer to each paragraph of the complaint, on the ground that neither of them stated facts sufficient to constitute a cause of action. This demurrer was overruled, and an exception was reserved by them.

A guardian *ad litem* was appointed for John Deitz, who was a minor. Issues were formed, submitted to the court, and a finding made for the appellee. Over a motion for a new trial, personal judgment was rendered against John Eichbredt, and the mortgage was reformed and foreclosed against all the appellants.

From this judgment they appeal, and insist that the complaint does not state facts sufficient to constitute a cause of action ; that the court erred in overruling the demurrer to each paragraph of the complaint, and in overruling the motion for a new trial.

The only objection urged to the complaint is, that its averments are not sufficient to authorize a reformation of the mortgage. This objection is urged by all the appellants, under a joint assignment that the complaint does not state facts

sufficient to constitute a cause of action, and unless the com-
plaint is bad as to all the appellants, the assignment can not
be sustained. Such an assignment is like a joint demurrer,
which, if not well taken by all, is not well taken by any. *Es-
tep* v. *Burke,* 19 Ind. 87; *Teter* v. *Hinders,* 19 Ind. 93.

If then the complaint was good as against any of the ap-
pellants, it must be regarded as sufficient upon this assign-
ment. The appellants do not claim that the complaint was
not sufficient to entitle the appellee to a personal judgment
upon the notes that had matured, and for this purpose it was
unquestionably good. A complaint which seeks to enforce a
lien and to recover a personal judgment is sufficient if it
states facts that entitle the party to a personal judgment,
though the facts stated do not authorize the enforcement of
the lien. *Bourgette* v. *Hubinger,* 30 Ind. 296; *The City of
Crawfordsville* v. *Barr,* 65 Ind. 367.

If the facts stated had not entitled the appellee to a per-
sonal judgment, the assignment in question would have pre-
sented the question discussed. *Nolte* v. *Libbert,* 34 Ind. 163;
*Struble* v. *Neighbert,* 41 Ind. 344; *White* v. *Hyatt,* 40 Ind. 385.

In the case last above cited, the same question arose, and
it was conceded that the complaint was good as an action
upon the matured note. It was, however, held that a mis-
description in the mortgage sought to be foreclosed was raised
by a motion to strike out the unmatured note and by an ob-
jection to the admission of the mortgage in evidence. It may
be observed that a like objection was made in this case, but,
as the ruling was not embraced in the motion for a new trial,
no question is presented by it. The complaint being suffi-
cient to authorize a personal judgment, the assignment that
it does not state facts, etc., can not be sustained.

For the same reasons the demurrer was properly overruled.

This brings us to the motion for a new trial. There is no
motion for a new trial by the guardian *ad litem* for John
Deitz, and hence no question arises as to him. The motion

is by the other appellants, and was, as we think, properly overruled, as the finding was abundantly sustained by the evidence. The evidence shows that a former husband of Caroline had executed a mortgage upon the land to secure the payment of the purchase-money, and that he died, leaving his wife, Caroline, and two children surviving him; that afterward the mortgage was foreclosed and the property sold; that, during the year of redemption, one of the children died intestate and without issue, and that Caroline married John Eichbredt, her co-appellant; that, about the expiration of the year for redemption, they borrowed of the appellee money enough to redeem the land, and agreed to give him a mortgage upon the same land to secure its payment; that, in pursuance of such agreement, the mortgage in suit was made, and that a mistake was made in describing the land. Under these circumstances, the correction of the description was not only proper, but the foreclosure of the mortgage, as reformed, was eminently just and right.

It is also insisted that the appellant Caroline could not mortgage such interest in said land as she held by virtue of her previous marriage, and for such reason the finding was wrong. This question does not arise upon a motion for a new trial. If she had any interest which she could mortgage, it was proper to correct the mortgage so as to describe the land in which she held the interest. It is conceded that she did have such interest, and, therefore, the correction was proper. The motion for a new trial was properly overruled, and the judgment should be affirmed.

Per Curiam.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things affirmed, at the appellants' costs.