Hammond v. Stoy et al.

———◆———

No. 9487.

HAMMOND *v.* STOY ET AL.

| 85 | 457 |
| 141 | 331 |

REAL ESTATE, ACTION TO RECOVER.—*Complaint.*—*Description.*—A tract of land situate, etc., known as a part of the J. W. farm, in fractional section, etc., containing, etc., is not a sufficient description; and a complaint to recover real estate by such description may be dismissed.

SAME.—*Discretion of Court.*—If, in a complaint to recover real estate, the description of the land be valid, but uncertain or obscure, the court may require that it be made more specific.

From the Floyd Circuit Court.

*J. H. Stotsenburg,* for appellant.
*D. C. Anthony,* for appellees.

Woods, C. J.—Complaint in two paragraphs by the appellant to recover of the appellees the possession of 'real estate. The court, upon motion of the appellees, directed the appellant to make the first paragraph more specific in respect to the description of the land sought to be recovered, and, the appellant having refused to do so, dismissed the action as to that paragraph. The question for decision is, whether or not this action of the court was erroneous.

The description of the premises given in the paragraph is as follows:

"A tract of land in the county of Floyd, and State of Indiana, known and described as a tract of land in said county on the bank of the Ohio river, known as a part of the Joshua Wilson farm, and in fractional section fifteen (15), township," etc., "containing forty acres."

Counsel for the appellant insists that the phrase "part of the Joshua Wilson farm," is the known and established name and description of the forty acres of land sought to be recovered, and as such is as good as "Manor of Dale," "Whiteacre" or the like descriptions, whose sufficiency can not be questioned.

If this proposition were conceded, it would not necessarily follow that the court exceeded its proper discretion in requiring a more particular and definite description to be brought into the record. That which would be sufficiently definite in evidence may often be entirely insufficient in pleading, where certainty of averment, at least to a common intent, is always required. *Halstead* v. *Board, etc., infra;* *Lemmon* v. *Whitman,* 75 Ind. 318 (39 Am. R. 151).

We are, however, of the clear opinion that the phrase referred to, as used in the pleading, has no such significance as is contended for, but must be interpreted according to the plain meaning of the words used. Under the rule that that

is certain which can be made certain, it might be a sufficient description to write, " The Wilson farm, in section No.," etc.; but to say a " part of " such farm, without defining the part, is clearly bad for uncertainty, and the uncertainty is not removed by the averment of quantity.

In *Whittelsey* v. *Beall*, 5 Blackf. 143, a bill for the foreclosure of a mortgage was held to be " defective in not so describing the land, that the officer of the court may know on what premises to enter to execute the order of the court," and to the same effect are the later cases. *Magee* v. *Sanderson*, 10 Ind. 261 ; *Nolte* v. *Libbert*, 34 Ind. 163 ; *Bowen* v. *Wood*, 35 Ind. 268 ; *White* v. *Hyatt*, 40 Ind. 385 ; *Struble* v. *Neighbert*, 41 Ind. 344 ; *Gigos* v. *Cochran*, 54 Ind. 593 ; *Halstead* v. *Board, etc.*, 56 Ind. 363 ; *Lewis* v. *Owen*, 64 Ind. 446 ; *Kercheval* v. *Lamar*, 68 Ind. 442 ; *Bayless* v. *Glenn*, 72 Ind. 5 ; *Rucker* v. *Steelman*, 73 Ind. 396 ; *Allen* v. *Shannon*, 74 Ind. 164.

Judgment affirmed.