Filed May 10, 1884.

------

## No. 11,102.

### REID v. MITCHELL.

REAL ESTATE, ACTION TO RECOVER.—*Description.*—*Complaint.*—*Assignment of Error.*—*Defects Cured.*—*Amendment.*—*Supreme Court.*—*Presumption.*— Where, in an action affecting real estate, the description set out in the complaint is such as might have been amended in the trial court, and might have been made good by the evidence, the Supreme Court will presume in favor of the verdict, where the question as to such description is first made by an assignment of error attacking the complaint.

From the Lawrence Circuit Court.

*S. D. Luckett* and *W. H. Martin*, for appellant.

*M. F. Dunn* and *G. G. Dunn*, for appellee.

ELLIOTT, J.—The complaint of the appellee is assailed by the assignment of errors for the first time, and the assault is sought to be made successful on the ground that the description of the real estate of which the appellee demands possession is insufficient.

Many defects in a complaint or declaration, which would be available on a demurrer, are cured by a verdict. The general rule upon this subject was thus stated in *Shimer*

v. *Bronnenburg*, 18 Ind. 363: "After verdict the court will support the declaration by every legal intendment, if there is nothing material on record to prevent it. Where a fact must necessarily have been proved at a trial to justify the verdict, and the declaration omits to state it, the defect is cured by the verdict, if the general terms of the declaration are otherwise sufficient to comprehend the proof." This doctrine has often been declared and enforced by this court. *Jones* v. *White*, 90 Ind. 255; *Clegg* v. *Waterbury*, 88 Ind. 21; *Puett* v. *Beard*, 86 Ind. 104; *Parker* v. *Clayton*, 72 Ind. 307, and authorities cited. This general doctrine has been applied to matters of description. *Alford* v. *Baker*, 53 Ind. 279. In the case just cited it was said by WORDEN, C. J., in speaking of the description of the property, that "This is sufficient to let in proof which might render the identity of the property more certain."

In our opinion the general rule of which we have been speaking should apply to cases of defective descriptions. It certainly would be productive of great injustice to lay down a rule which would permit a defendant (as was done in this case) to go through two trials without suggesting any objection to the complaint, and then, for the first time, on appeal from the judgment on the last trial attack the complaint by the assignment of errors. We do not mean to hold that where the description is wholly insufficient, or so uncertain as not to be susceptible of correction by evidence that might have been given, under the general scope and theory of the case made by the complaint, the defect will not be available after verdict; but we do hold, that where the description is such as might have been corrected by evidence admissible under the general scope of the complaint, the defective description will be deemed healed by the verdict. We are, therefore, to ascertain whether the description set forth in the complaint is such as might have been made definite and certain by evidence which could have been given under the general scope of the complaint.

The point made by the appellant is thus exhibited in his brief: "The only question we present to the court is whether the complaint complies with the requirement of the statute. It gives a very particular and accurate description of a tract of land in Lawrence county, Indiana, said to contain 113⅓ acres, less all that part of the east half of the northwest quarter of section eight, town. five north, of range one east, deeded to Samuel McKnight. It is this exception that vitiates the description, in our opinion." We can not yield assent to this argument. It seems to us that the description might have been made perfectly accurate and definite by evidence showing what part was conveyed to McKnight. We see no reason why the complaint might not have been so amended below as to show what land the McKnight deed embraced. Sedgwick & Wait Trial of Title to Land, section 464.

If the pleading could have been amended in the trial court, then the settled rule requires us to treat it as amended here. But however this may be, we feel quite sure that the imperfections in the description might have been remedied by evidence competent under the general scope of the complaint, and under the general rule we have stated the intendment is that such evidence was given.

It is by no means clear that the description is in itself so uncertain as to be void. The general rule is, "that is sufficiently certain which can be made certain," and here the means of making the description certain are supplied by the description itself. Counsel for appellant cite from 1 Works Pr., section 390, the following: "There must be such a description of the property, to constitute a cause of action, that the sheriff, with the assistance of a surveyor, can find the real estate and determine its boundaries." We think this could readily be done in the present case by ascertaining what was conveyed to McKnight, for as soon as this was ascertained, then the boundaries of the land claimed by the appellee become fully known, for all the residue of the tract, which is very fully and accurately described, belongs to him.

In the case of *White* v. *Hyatt*, 40 Ind. 385, there was no description of the land except this: "A part of the N. E. $\frac{1}{4}$ of section 19, township 7, range 12 east, containing $97\frac{17}{25}$ acres; also a part of the south-west quarter of section 18, township 7, range 12 east, containing about 33 acres; being the same lands this day deeded by said Hyatt * * to said White, and being more fully described in said deed," and the court held that this description was insufficient on objection made to introduction of evidence, but said: "If the deed referred to in the mortgage, as containing a more perfect description of the premises, had been made part of the complaint, or if the correct description had been set out in the complaint, doubtless proper evidence would have been admissible to render the description certain, for that is regarded as certain which is capable of being rendered certain." Conceding the correctness of the ruling in the case cited, it is not in favor of appellant's contention, for the reason that as the question is presented in this case we must presume that the evidence which the court says would have cured the defective description was introduced. But the case in hand differs from that cited in another essential particular, and that is this, the present complaint does contain a full and accurate description of land and is only defective in failing to specifically describe the excepted parcel described in McKnight's deed. The description of the land in *Struble* v. *Neighbert*, 41 Ind. 344, was more imperfect than that in the case cited, and yet the court said: "With proper averments in the complaint, undoubtedly it can be made good." If a description can be made good, then the intendment which the rule we have given requires us to make, supplies it after verdict.

It was held in *Brown* v. *Anderson*, 90 Ind. 93, that "A description of lands in a complaint for possession is sufficient if, by the aid of a competent surveyor and persons knowing the location of monuments mentioned as points in the boundaries, the lands can be found." This we think a just and reasonable rule. The old rule, that the description in eject-

ment must be so definite as to enable the sheriff, without suggestion, information or assistance, to locate the land, was long since overthrown. Sedgwick & Wait Trial of Title to Land, section 455.

In *Barclay* v. *Howell*, 6 Peters, 498, a more liberal rule than that we have stated was adopted and enforced. The description of the land in *Flanigen* v. *City of Philadelphia*, 51 Pa. St. 491, was by the street numbers, and it was held sufficient. In *English* v. *Roche*, 6 Ind. 62, it was said, in speaking of a complaint to foreclose a mortgage, that " The description is sufficient whenever the land intended to be mortgaged can be ascertained by it." The court, in the course of its opinion in *Whittelsey* v. *Beall*, 5 Blackf. 143, said : ." It was formerly considered an established principle, that the description of lands in an action of ejectment must be so certain as to enable the sheriff exactly to know, without any information from the lessor of the plaintiff, of what to deliver possession. That maxim has been abolished, and it is now the practice for the sheriff to deliver possession of the premises recovered in that action, according to the directions of the claimant, who therein acts at his own peril." It will be seen that the case cited lays down a very liberal rule, perhaps too liberal under the provisions of our code, but at all events it certainly does not sustain the appellant's contention. The question in *Hammond* v. *Stoy* 85 Ind. 457, arose on a motion to make the complaint more specific, and that case is very plainly not in point here. In *Halstead* v. *Board, etc.*, 56 Ind. 363, it was said : " But where there is such a description in the mortgage as will render it operative to convey the property to the mortgagee, but not so definite as to enable a third person, in making sale of the property, (an officer for example,) to specify the exact boundaries, in such case, if the complaint upon the mortgage alleges the true boundaries, the complaint will be good ; * * * and, upon such proof, the court, in its decree, may specify the true boundaries, and the officer may sell and convey accord-

ingly." The cases of *Allen* v. *Shannon,* 74 Ind. 164, and *Bowen* v. *Wood,* 35 Ind. 268, state the rule even more broadly, and they cite many cases sustaining their doctrine, and they are in harmony with the recent case of *Meikel* v. *Greene,* 94 Ind. 344. The case of *College Corner, etc., G. R. Co.* v. *Moss,* 92 Ind. 119, is probably well decided as to the precise point involved, but some of the illustrations and arguments may, perhaps, require qualification. We do not decide that such a description as the one embodied in the present complaint would be good on motion to make the complaint more specific, nor on demurrer to the complaint, but simply decide that the complaint is good as against the attack here made.

Judgment affirmed.

Filed May 15, 1884.