No. 12,325.

CHAPELL ET AL. *v.* SHUEE ET AL.

JURISDICTION.—*Circuit Court.—Pleading.—Complaint.*—As the circuit court is a court of general and superior jurisdiction, its authority to proceed in the trial of a cause need not affirmatively appear in the complaint.

DECEDENTS' ESTATES.— *Partial Distribution.— Petition for.— Jurisdictional Facts.*—A petition in the circuit court, by an administrator and heirs, asking the ascertainment of advancements and an order for partial dis-

tribution of funds in his hands, is not bad because it is silent upon the subject of the decedent's domicile, the issuing of letters of administration, the location of property, or other jurisdictional facts; but the facts showing want of jurisdiction in the court to act upon the petition must be brought forward by answer.

SAME.—*Ascertainment of Advancements.*—Under the provisions of the statute (Acts of 1883, p. 158, section 18, and section 2380, R. S. 1881) the circuit court may, in its discretion, upon a proper petition, at any time previous to the settlement of an estate, allow a partial distribution to heirs of moneys in the hands of the executor or administrator; and in such proceeding it has jurisdiction to ascertain the amount of advancements made by the decedent.

SAME.—*Bond.—Failure of Court to Require.*—The failure of the court to require the heirs to give bond, as required by section 2380, R. S. 1881, for the return of the money distributed, in case it is needed to pay debts, is an informality which will not, in the absence of any seasonable objection, invalidate the judgment as to the parties in court.

PLEADING.—*Complaint.—Defects Curable by Proof.—Motion in Arrest of Judgment.*—A complaint will withstand a motion in arrest of judgment if it is sufficient to bar another action for the same cause and if the defects therein are such as may be supplied by proof.

From the Tippecanoe Circuit Court.

*W. C. Wilson, J. H. Adams, G. O. Behm, A. O. Behm* and *W. H. Bryan,* for appellants.

*J. R. Coffroth, T. A. Stuart, C. E. Lake* and *J. S. McMillen,* for appellees.

OLDS, J.—This action was commenced by the appellees in the Tippecanoe Circuit Court. There was no demurrer addressed to the complaint, and an answer of general denial was filed. The cause was tried, resulting in a finding for the appellees. A motion for a new trial was made, for reasons stated in the motion, which was overruled and exceptions reserved by appellants. The appellants then made a motion in arrest of judgment, which was overruled, to which ruling they also excepted.

The first question presented is as to the sufficiency of the complaint. Omitting the caption the complaint is as follows: " The undersigned, William D. Shuee and Amanda A. Shuee, respectfully represent to the court that said William D. is

the administrator of the estate of David Shuee, deceased, and that said William D., Amanda A. and one Josephine Chapell are the only children of said David, who died intestate ; that one Susan Shuee is the widow of said David, she being his childless second wife ; that subsequent to the death of said David the said Susan sold, assigned and conveyed all her interest in said estate to said William D., Amanda A. and Josephine ; that subsequent to the execution of said contract said Susan recovered a judgment of rescission of said contract in the Tippecanoe Circuit Court against said William D., Amanda A. and Josephine, who were defendants therein ; that said defendants have appealed from said judgment to the Supreme Court of Indiana, and that said cause is now pending therein : that said Susan claims to be, and by the decree of said court is, entitled to one-third part of said estate, less a payment thereon of fifteen hundred dollars ; that the claim of said Susan is wholly disputed and denied by said administrator and the said children of said David ; that with the exception of said claim of said Susan, no one is interested in the distribution of said estate except the said William D., Amanda A. and Josephine ; that said administrator has collected, and has now on hands, of funds belonging to said estate the sum of $16,859.79, and there is still due the estate about —— thousand dollars of notes, which are solvent and which are drawing good rates of interest ; that no claims have been filed against said estate ; that there are no claims against it, and that the same is clearly solvent ; that said administrator and said children are desirous of making distribution of so much of said sum as may be uncontested, leaving in the hands of said administrator the full amount thereof to which Susan might be entitled upon the affirmance of said judgment.

" They further show that prior to the death of said David he caused to be conveyed to said William D. Shuee certain real estate in said county, of the value of four thousand and five hundred dollars ; that at the same time the said David conveyed to said Amanda A. certain real estate in said county,

of the value of four thousand and five hundred dollars; and at the same time said David conveyed to said Josephine, by way of advancement, certain real estate in said county, of the value of fifteen hundred dollars; that said Josephine disputes the value of said advancement so set forth.

" Wherefore your petitioners pray that the value of advancements so made by the said David Shuee in his lifetime may be ascertained and determined by this court, and that two-thirds of the amount of the money now in the hands of said administrator may be distributed among the said children as their interests may appear, and that the remainder thereof be left in the hands of said administrator, subject to the final determination of said cause now pending in the Supreme Court, and that said Josephine be notified of the pendency of this petition and be required to defend the same; or if the question of advancements can not be settled in this petition, then the said William D., in his own right, and the said Amanda A. pray the court to allow them to receive the sum of $3,500 each, to be applied upon their respective shares of said estate."

It is contended by counsel for appellants that the complaint is insufficient, for the reason that the distribution of the personal estate of an intestate is governed by the law of the country of his domicile at the time of his death, and therefore the surplus of the estate of David Shuee should be distributed according to the law of his domicile at the time of his death; that it does not appear from the complaint that the deceased had a domicile in or was an inhabitant of the State of Indiana at the time of his death; that there is no averment in the complaint as to the time or place of the death of David Shuee; that it is not averred that letters of administration were issued by the Tippecanoe Circuit Court or any other circuit court of this State, or that David Shuee died possessed of any property situate in Tippecanoe county or in the State of Indiana; that such averments are necessary both to give the court jurisdiction and as substantive facts to

make out a cause of action. As we have heretofore stated, the complaint was not tested by a demurrer, and hence the question is as to whether it is sufficient to withstand a motion in arrest of judgment.

It has been repeatedly held by this court, that, the circuit court being a court of general and superior jurisdiction, its authority to proceed in the trial of a cause need not affirmatively appear in the complaint. *Brownfield* v. *Weicht,* 9 Ind. 394; *Ragan* v. *Haynes,* 10 Ind. 348; *Godfrey* v. *Godfrey,* 17 Ind. 6; *Board, etc.,* v. *Markle,* 46 Ind. 96 (106); *Houk* v. *Barthold,* 73 Ind. 21; *Wilcox* v. *Moudy,* 82 Ind. 219; *Brown* v. *Anderson,* 90 Ind. 93.

In the recent case of *Bass Foundry and Machine Works* v. *Board, etc.,* 115 Ind. 234, objection was made to the complaint on the grounds that it did not show that the claim sued upon had been first presented to the board of commissioners for allowance, and there a demurrer was filed for the cause that the court did not have jurisdiction. The court says : " The rule is universal as applied to courts of general jurisdiction, and especially in matters which proceed according to the course of the common law, that the facts which give the court jurisdiction of the subject of the action need not affirmatively appear on the face of the complaint," citing *Kinnaman* v. *Kinnaman,* 71 Ind. 417, 1 Works Pr., section 474, and then adding: " It follows from the very language of the statute which prescribes the causes of demurrer, as well as from the general rules of the common law, that a demurrer for want of jurisdiction, either in respect to the person of the defendant or of the subject-matter of the action, will only lie when the defect appears upon the face of the complaint. The difference between want of jurisdiction because the court is wholly without power or authority to take cognizance of and adjudicate upon the particular subject-matter involved in the suit, and want of jurisdiction on account of the non-existence of some extraneous fact which may or may not exist in that case, is not to be disregarded.

Where the court is, in law, incompetent, and without the faculty to deal with the subject-matter before it, its proceedings and judgment, without regard to any question of waiver or consent by the parties, would be *coram non judice.* In such a case the want of jurisdiction would necessarily appear upon the face of the complaint, and objection might be taken by demurrer or motion to dismiss. Where, however, the subject-matter before the court is within its ordinary jurisdiction, so that its judgment would be binding unless the facts going to defeat its jurisdiction in that particular case were brought forward, a court of general jurisdiction may proceed until the facts showing want of jurisdiction are made affirmatively to appear. This is so because the parties may, in such a case, waive any question concerning the jurisdiction of the court. Where facts exist which would deprive the court of jurisdiction, or arrest the proceedings for the time being, the complaint being silent in that regard, objection can not be taken by demurrer, but the facts must be brought forward by answer or plea."

It is conceded, and must be so if it were not conceded, that if the intestate was an inhabitant of Tippecanoe county, and owned property situated in said county at the time of his death, and letters of administration issued from the Tippecanoe Circuit Court, the court had jurisdiction. The complaint is silent as regards these facts, and if they did not exist, if David Shuee was, at the time of his death, a resident of another State, and left no property in Tippecanoe county, and letters of administration were not issued by said court, these were facts which should have been brought before the court by an answer, and not being so brought before the court, they are waived, so far as questioning the jurisdiction of the court is concerned.

As regards the necessity of pleading these facts, in connection with the other facts alleged, in order to make a good cause of action, they are such facts as might be supplied by proof, and the complaint is sufficient to bar another action for the

same thing, which is all that is necessary to make a complaint sufficient to withstand a motion in arrest of judgment. *Reid* v. *Mitchell*, 95 Ind. 397; *Hedrick* v. *Osborne & Co.*, 99 Ind. 144; *Jackson* v. *Weaver*, 98 Ind. 307; *Watson* v. *Crowsore*, 93 Ind. 220; *Louisville, etc., R. W. Co.* v. *Harrington*, 92 Ind. 457; *Hoke* v. *Applegate*, 92 Ind. 570; *Ferguson* v. *State, ex rel.*, 90 Ind. 38.

It is further urged that the complaint is not good for the reason that it appears therefrom that the administrator has in his hands uncollected assets; that the debts are not paid; that there is unsettled litigation pending; that the deceased, in his lifetime, made advancements, and asked for an equalization of the advancements. That under our statutes there can be no distribution and equalizing of advancements until final settlement is made, and that such final settlement can not be made for one year after letters issue, and that the complaint does not show that one year has expired.

The act of 1883 (Acts of 1883, p. 158, section 18), amends section 2379, R. S. 1881, so as to read: " Any person entitled to any legacy, or to a distributive share of the estate of any deceased person, may at any time previous to the settlement of such estate, apply to the court, either in person or by guardian, after giving reasonable notice to the executor or administrator, to be allowed to receive a portion of such legacy or distributive share."

Section 2380, R. S. 1881, reads as follows: " If it appear to the court that there be at least one-third more of assets in the hands of such executor or administrator or in court than will be sufficient to pay all debts and legacies against the estate then known, such court may, in its discretion, allow such portion of such legacy or distributive share to be advanced as it may deem proper, upon satisfactory bond being executed to such executor or administrator, with sufficient penalty and surety for the return of any portion with interest, whenever necessary for the payment of debts, legacies, or

claims, or to equalize the shares and legacies among those entitled thereto."

Under these sections this was a proper proceeding for an order that the administrator pay to these heirs a portion of their distributive share of said estate. The court having jurisdiction for that purpose, acquired it for all purposes necessary to a full determination of the case. *Feder* v. *Field, ante,* p. 386. To intelligently exercise the discretion vested in the court in making an order to pay to the heir a portion of his distributive share, it was necessary to ascertain the amount due such heir, which, if there had been any advancements made, could only be done by ascertaining and fixing the amount of such advancements.

The giving of the bond required is a duty resting on the court making the order. The court should have ordered that a bond be given by the heirs, as required by the statute, but the omission to do so is an informality in the order, and the parties, being in court, were required to object to the form of the order and judgment rendered, and save the question by proper bill of exceptions. This the appellants have failed to do, and they can not for the first time raise such question in this court.

The further question presented and discussed by counsel in their brief is as to the sufficiency of the evidence to sustain the finding and judgment of the court. The evidence fairly supports the finding and judgment, and we can not disturb them.

There is no error in the record for which the judgment should be reversed.

Judgment affirmed, with costs.

Filed March 5, 1889.