Eggleston *v.* Castle.

---

EGGLESTON *v.* CASTLE.

INSTRUCTIONS TO JURY.—If instructions given to a jury, taken as a whole, present the law correctly, the judgment will not be reversed, though a single instruction, standing alone, might seem to be incorrect.

SAME.—Where instructions given embrace all there is of substance in instructions refused, there is no error in such refusal.

SAME.—An instruction inapplicable to any evidence given should be refused.

APPEAL from the Vermillion Circuit Court.

WORDEN, J.—This was an action by the appellee against the appellant, upon a promissory note executed by the defendant to Robert E. Stephens and William Frazier, and duly endorsed to the plaintiff.

The defendant answered in several paragraphs, the substance of the defence being that the note was given for sawing a lot of lumber, which the payees had undertaken to do under a special contract, and that they had failed to perform their agreement, in not sawing the lumber in accordance with the terms of the contract, both as to amount and the character of the work, and that the note had been procured by the false and fraudulent representations of the payees that they had in all respects performed the contract.

Replication, first in denial, and, second, that at the time the note was executed, the defendant, and Stephens, and Fra-

zier made full and complete settlement of all matters arising out of or connected with the contract for sawing lumber, with full knowledge of all the facts on the part of the defendant; that at the settlement Stephens and Frazier requested the defendant to estimate the lumber for himself, which he failed and refused to do, and waived doing; wherefore, etc. There is no question made in this court on the pleadings.

Trial, verdict and judgment for the plaintiff. The questions relied upon for a reversal are duly preserved. We will notice them in the order in which they are presented in the brief of appellant.

The court gave the following charge, among others, of its own motion: "5. If you find from the evidence that defendant accepted the amount of lumber at the figures stated by Frazier and Stephens, and gave his note for the balance due on the sawing, he is bound by it, and you should find for the plaintiff." It is urged against this charge that it takes from the consideration of the jury the alleged fraud in procuring the execution of the note, and assumes that the acceptance of the lumber and the giving of the note are conclusive against the defendant, however fraudulently these acts may have been brought about. Standing alone, the charge would seem to be open to the objection thus made. But the court gave, of its own motion, the following charge: "7. If Eggleston gave his note, with full knowledge of all the facts, and took the amount of lumber sawed at Frazier and Stephens' figures, and waived the right to measure it himself, and settled and gave his note, he is bound by the settlement, and you should find for the plaintiff."

And at the instance of the defendant, the court gave the following, among other charges: "6. That if the said Frazier and Stephens, or either of them, represented to this defendant that they had sawed for him 200,000 feet of lumber" (the amount specified in the contract), "and it turned out that there was only 165,000 feet, and the said defendant confided in said representation and had not the means of knowing the exact number of feet sawed, you will deduct the

amount of damages the defendant has sustained by reason of said deficit, whether the said Frazier and Stephens knew said representations to be true" (false?) " or not.

" 7. The mere fact that Eggleston accepted and gave his note for this lumber is no bar to his recovering his damages in this case.

"9. The defendant, Eggleston, was under no obligations to go and see or measure the lumber, before he paid for it or gave his note ; he had a right to rely on the express statement of Frazier and Stephens, that they had sawed him 200,000 feet of good lumber, such as the contract called for, and if their statements proved to be untrue, and there was not the amount of lumber called for, nor of the quality called for, and the defendant was misled by the representation to his damage, he is entitled to have the damages deducted from this note." .

These charges, taken all together, leave nothing of which the appellant can complain. The appellant also objects that the charge was outside of the issues and not applicable to the evidence. There is nothing in these objections.

The next point made is, that the damages were excessive. We will pass this until we shall have considered the other questions in the cause.

The third point is, that the court erred in giving, of its own motion, charge number seven above set out. It is conceded by the appellant that the charge is correct as an abstract proposition, but it is insisted that it was inapplicable to the case made.

There is, in our opinion, no foundation for this objection.

The fourth and fifth points are, that the court erred in refusing to give charges numbered eight and fourteen, as asked for by the defendant. They are as follow:

" 8. To hold that accepting and giving his note for the lumber, when it was open to the examination of both parties, on delivery, shall bar the defendant from recovering, when that acceptance and giving the note were procured by the

fraudulent artifice of the assignors, Frazier and Stephens, which put the receiver off his guard and induced him to believe that the different piles of lumber contained so many feet, and that it was sound lumber, would be to set at defiance every principle of reason and justice.

"14. If the jury believe from the evidence that Eggleston refused to accept the lumber, when the sawing was completed, and did not accept the same until the 25th day of December, 1870, the lumber, from the time it was so sawed until it was accepted by Eggleston, was in the care and at the risk of Frazier and Stephens, and if any lumber was taken away by any one during the time between the 24th day of August and the 25th day of December following, Eggleston will not be responsible for that."

The appellant says of the eighth charge thus asked and refused, that "it is rather on the Utopian style, yet it 'undoubtedly expresses the law in a clear and forcible manner," and he adds that "it is almost an exact copy of the decision of this court in the case of *McAroy* v. *Wright*, 25 Ind. 22."

In addition to the ninth charge given at the instance of the defendant, above set out, we here copy the eleventh, which was also given. "If the jury believe from the evidence that the said Frazier and Stephens, or either of them, made representations to the defendant, Eggleston, that were in fact false, whether either of them knew that said representations were false or not, but on the contrary believed them to be true, and the said Eggleston was misled by said representations to his damage, this would be a fraud on the said Eggleston that he could set up by way of counter-claim to this note."

Taking the charges given together, they embraced quite all there is of substance in the eighth refused, unless the words "fraudulent artifice," as used in the charge, mean something more than fraudulent representations; but there is no pretence of any other kind of fraud.

The fourteenth charge refused was perhaps designed to

raise a question of some importance. The defendant, it seems, made an indorsement on the contract for the sawing, as follows: "Finished sawing August 24th, 1870." The question sought to be raised is, whether the lumber, after being sawed and before being accepted by Eggleston, was at his risk, or at the risk of Frazier and Stephens.

The contract was, that Frazier and Stephens were to place their mill upon the land of the defendant, and on his land cut the timber and saw it into lumber. We decline to pass upon this question, because it does not arise in the record. The charge was properly refused, because it was wholly inapplicable to any evidence offered on the trial. There was no proof offered to show that any of the lumber was taken away by any one except the defendant or persons authorized by him, or that he did not get all the lumber that was sawed by Frazier and Stephens under the contract.

There is no error in the record, unless it be that a new trial should have been granted because of excessive damages.

It is claimed by the appellant, and admitted by counsel for appellee, that the verdict and judgment are for the sum of seven dollars and sixty-one cents more than the amount due on the note for principal and interest; an error probably in the computation of the interest. The appellee, however, offers to remit the excess. The remission may be entered, and the judgment below is affirmed for the residue, with ten per cent. damages, at the costs of the appellant.

*W. Eggleston,* for appellant.

*B. E. Rhoads* and *M. G. Rhoads,* for appellee.