Brown v. Anderson.

No. 9543.

## BROWN v. ANDERSON.

REAL ESTATE, ACTION TO RECOVER.—*Ejectment.*—*Complaint.*—*Jurisdic-tion.*—*Presumption.*—Where a complaint in ejectment does not disclose the county in which the land is situated, and a court of general jurisdic-tion, without objection, proceeds to judgment, it will be presumed after judgment that the land is in the county where the suit was begun.

SAME.—*Description of Lands.*—A description of lands in a complaint for possession is sufficient if, by the aid of a competent surveyor and per-sons knowing the location of monuments mentioned as points in the boundaries, the lands can be found.

SAME.—*Evidence.*—*Declarations.*—*Fence.*—*Boundaries.*—Whether a certain fence was the correct boundary between the lands of the plaintiff and defendant, viz., the line between the southeast and southwest quarters of section 19, was in question. The same line of fence continued south beyond the lands of these parties, the plaintiff's ancestor, from whom he had inherited, once owning lands of which the fence extended south was apparently the western boundary, viz., the northeast quarter of sec-

90 93
125 357

90 · 93
133 292

90 93
135 91
136 660

90 93
148 13

90 93
163 548
163 551
e163 552

tion 30. Evidence of the declarations of the ancestor that this fence in section 30 was too far west was held to be immaterial, and, therefore, properly rejected.

SAME.—*Survey.*—*Change of Boundaries by Partition Commissioners.*—A survey fixing a corner, made by a private surveyor, and not at the instance of any of the parties to a suit or their privies, and without notice to them, is not evidence against either of them; nor can commissioners making partition, by a survey, change the boundaries of the lands parted, to the profit of the adjacent owners.

SAME.—*Title by Occupancy.*—*Adverse Possession.*—*Statute of Limitation.*—*Prescription.*—Continuous occupancy and use of land as owner for twenty years to a fence really not upon the true boundary line, takes away the title of the real owner, and transfers it to such occupant, so that he may maintain ejectment.

INSTRUCTIONS.—*Errors Cured.*—An instruction, incorrect by reason of the omission to state a proper qualification of a rule of law, is not available error, if the omission be supplied by other instructions.

From the Switzerland Circuit Court.

*W. R. Johnston, F. M. Griffiths, W. D. Ward* and *T. Livings,* for appellant.

*S. Carter, J. D. Works* and *J. A. Works,* for appellee.

HAMMOND, J.—Action by appellee against appellant to recover possession of real estate. Trial by jury; verdict for appellee, and judgment on verdict over appellant's motion for a new trial.

The appellant assigns in this court the following errors:

" 1. The complaint does not state facts sufficient to constitute a cause of action.

" 2. The court erred in sustaining the demurrer to the first paragraph of the answer.

"3. The court erred in overruling the motion for a new trial."

The complaint is as follows: " The plaintiff, Thomas Anderson, complains of the defendant, Merritt Brown, and says that he is the owner in fee simple and entitled to the possession of a tract of land in section 19, town. 2, range 3 west, commencing at a point fifteen rods and twenty links north of the south line of said section, in the center of the fence dividing the lands of the plaintiff from the lands of the defend-

ant, and which fence had stood as dividing the lands of the plaintiff and defendant for forty years last past, prior to its removal; thence north with the center of said fence, prior to its removal, fifty-three rods and thirteen links to a point in the center of said fence, prior to its removal; thence east two rods and seven links; thence south to a point fifteen rods and twenty links north of the south line of said section, and one rod and sixteen links east of the place of beginning; thence west one rod and sixteen links to the place of beginning; and that the said Merritt Brown now holds possession of said land without right, and for one month past has unlawfully kept the plaintiff out of possession. Wherefore he demands," etc.

The first objection to the complaint is that it does not state in what county the real estate is situated. The statute requires actions to recover real estate to be brought in the county where the land, or some part of it, is located. Code 1852, section 28; R. S. 1881, section 307. But where, as in the present case, a court of general jurisdiction takes jurisdiction and tries and determines a suit, without objection, the presumption is that the real estate is in the county where the action was commenced. *Brownfield* v. *Weicht*, 9 Ind. 394; *Ragan* v. *Haynes*, 10 Ind. 348; *Godfrey* v. *Godfrey*, 17 Ind. 6; *Houk* v. *Barthold*, 73 Ind. 21; *Wilcox* v. *Moudy*, 82 Ind. 219.

It is also objected to the complaint that the description of the land, in other respects, is not sufficient for its identification. Assuming, as we must, under the authorities above cited, that the land is in Switzerland county, we think it could be found with the assistance of a competent surveyor, aided by one having knowledge of the former location of the fence referred to. The land is shown to be in section 19, township 2, range 3 west, and we judicially know that there is but one section of land in that county thus located. The place of beginning of the strip of ground in question is at a point fifteen rods and twenty links north of the south line of said section and at the center of a fence running north and south on the

line between the lands of the appellee and the appellant, which fence had stood as such line for forty years. For the purposes of the objection now under consideration, the fact that there was such a fence as that mentioned is to be taken as true ; and, if so, it may be presumed that the place where it stood so long can be found, and having thus ascertained a starting point, the courses and distances given in the complaint readily establish the boundaries of the land in dispute.

As to the second error assigned by the appellant in relation to the sustaining of the demurrer to the first paragraph of the answer, this is not urged in the brief of his counsel, and is, therefore, considered as waived.

Before considering the alleged error of the trial court in overruling the appellant's motion for a new trial, it is proper to state that the evidence showed that the appellant owned the east half of the southwest quarter of said section 19, and that the appellee owned land in the west half of the southeast quarter of the same section, adjoining and east of the said appellant's land. There was evidence tending to show that there had been for a long time some dispute as to the location of the dividing line between their lands. The evidence also tended to show that for more than twenty years there had been standing a partition fence which had been put up as on the line, or part of the line, between the east half of the southwest quarter and the west half of the southeast quarter of said section, and that the parties, and those under whom they claimed title, had, respectively, occupied and cultivated the land during the existence of said fence, on each side of and up to the same, as their own. A short time before the commencement of this action, the appellant, without the appellee's consent, moved this fence east so as to bring into his, the appellant's, enclosure the strip of ground now in controversy.

We will notice such objections only to the overruling of the appellant's motion for a new trial as his counsel have discussed in this court.

There was evidence showing that the land owned by the appellee formerly belonged to his father, John Anderson, who, also, at the same time, owned ten acres in the northwest corner of the northeast quarter of section 30, lying south of and adjoining said section 19. The appellant, at the trial, introduced as a witness one Jacob Banta, who testified that he owned land in section 30. The appellant then offered to prove by the witness that in 1835, after he had purchased the northwest quarter of section 30, and while the east line of it was being run, he had a conversation with John Anderson about the line of the fence on the east of the land of the witness and on the west of the ten acres of said John Anderson; and that John Anderson in that conversation said he knew that the fence was not on the true line, but was too far west, and that he would move it further east to the true line whenever the witness desired him to do so. The appellant also proposed to prove that the fence on the line in dispute in section 19 ran in a continuous line with the fence in section 30, about which said conversation was had. The court, on the appellee's objection, refused to admit this evidence, and the appellant excepted.

We think there was no substantial error in rejecting the evidence, on the ground of immateriality, if on no other. While the fence talked about was on a continuous line with the fence in dispute, it was not the same fence. It was not offered to prove how much the fence spoken of was too far west of the line; if it was any distance, however trifling, west of the line, it could have been said that it was too far west of it. Its distance off the line, so far as it would appear from the offered evidence, may have been so slight that a continuous line running north would not materially, if at all, have varied from the true line between the lands of the appellee and the appellant.

At the trial, the appellant also offered to prove by one John H. Brown that the southeast corner of section 19 was

in dispute about the year 1850, and that, for the purpose of ascertaining its location, the owners of real estate cornering at that point employed a competent surveyor, who, after running lines and making measurements from other section corners, placed a stone at a point ascertained by him to be the southeast corner of said section 19. There was, also, evidence tending to show that, if the corner so established was correct, the fence in dispute, by measurement from that corner, was west of the half-section line. It does not appear, nor was it offered to prove, that any one having any interest in land now owned by either party to this action had anything to do with that survey. The survey was done at the instance of parties other than those under whom the parties to this action claim title. It was not made by a county surveyor, nor in accordance with the provisions of the statute. We think the corner established by the survey thus made was not binding upon, nor evidence against, the appellee, nor those through whom he derived title. It is clear, we think, that no survey, except as to the parties agreeing to it, is binding, unless made by the county surveyor, or his deputy, in the manner provided by law. The law indicates a proper method for establishing lines and corners when they are in dispute, and this method, properly followed, binds all concerned, and the record of it is conclusive evidence. But such is not the case with respect to any other survey, except as to those who may voluntarily have bound themselves by it. There was no error in rejecting the evidence.

The appellant excepted to the first, second, third and fourth instructions given by the court to the jury at the request of the appellee, and made the giving of the same one of the grounds of his motion for a new trial. No objection, however, is made in this court to the second instruction.

The first instruction was as follows: "If you find from the evidence that there has been a fence standing between the lands occupied by the plaintiff and the defendant, and by

persons through whom they claim title, and that the fence stood on the same line for twenty years, or more, before it was removed, and the plaintiff, and persons through whom he claims·title, cultivated and used the land on the side occupied by him, including the land in controversy, cultivating and using the same as their own, up to the line of the fence, and using the crops raised thereon as their own for twenty years or more, this would fix the line between them, and the fact that the fence may not have been on the true half-section line would make no difference."

The law seems to be well settled that the continuous adverse possession of real estate, for such time as bars its recovery by the statute of limitations, takes away the title of the real owner and, in legal effect, transfers it to the adverse occupant. The statute of limitations in such case gives a perfect title. *Bowen* v. *Preston*, 48 Ind. 367; *Munshower* v. *Patton*, 10 Sergeant & Rawle, 334 (13 Am. Dec. 678); *Crockett* v. *Lashbrook*, 5 T. B. Monroe, 530 (17 Am. Dec. 98); *Watson* v. *Gregg*, 10 Watts, 289 (36 Am. Dec. 176); 3 Washb. Real Property, top page 145.

The instruction informed the jury, in effect, that the occupancy of the land by the appellee and those under whom he claimed, as owners, for twenty years, or more, made·his title good. The instruction was incomplete in not informing the jury that such occupancy, to have that effect, must have been continuous and uninterrupted. *Law* v. *Smith*, 4 Ind. 56; *Winslow* v. *Winslow*, 52 Ind. 8; 1 Works Pr., section 629. But the omission in the instruction, copied above, was supplied by other instructions given by the court upon the same subject. Thus, in the sixth instruction, given at the request of the appellee, the jury were told, in substance, that to constitute adverse possession so as to confer title, it should be continuous for twenty years. In the first instruction given at the request of the appellant, the jury were also informed, "that the true and correct dividing line between the land of

the plaintiff and the land of the defendant is the half-section line, unless you find that the plaintiff and those under whom he claims title occupied a part of the land on the west side of said line adversely and under claim of right for more than twenty years continuously before the beginning of this suit."

Taking these instructions together, we are of opinion that they gave the jury the law correctly, and in such case the judgment will not be reversed, though a single instruction, standing alone, might be incomplete, in not containing all the qualifications or limitations upon the point of law attempted to be explained to the jury. *Eggleston* v. *Castle,* 42 Ind. 531; *Kirkland* v. *State,* 43 Ind. 146 (13 Am. R. 386); *Brooks* v. *Allen,* 62 Ind. 401.

The third instruction given at the appellee's request, and complained of by the appellant, was to the effect that a survey, without notice, and not made by the county surveyor, could not change lines nor bind the parties.

We think, under the evidence, this instruction was not erroneous.

The evidence showed that the land of the appellee, with other lands, belonged to his father at the time of his death; that afterwards there was a partition action between the heirs; and that the commissioners in making the partition ran a line, as the half-section line, a few feet east of the fence in controversy. Upon this point, the court in the fourth charge, given at the instance of the appellee, said to the jury, in substance, that the commissioners had no power or authority to fix the line between the lands of the appellant and appellee, or to change or establish a line between their lands.

We think, also, under the evidence, that this charge was not incorrect. The appellant was not a party to the partition action; his lands were in no way affected by it, and as he is not to be prejudiced, so he may not be benefited by any line run by the commissioners in making partition.

The instructions, taken altogether, were certainly as favorable to the appellant as he could have expected.

The record appears to be free of any substantial error. We have examined it carefully and think the proper result was reached in the court below.

Judgment affirmed, at appellant's costs.