. COMPARET· *v.* JERNEGAN and Another.

The written laws of the other states of the Union, cannot be proved here by parol evidence.
But the printed statute-books of the other states, purporting to be published by authority, are *prima facie* evidence here of the statutes they contain.

ERROR to the *Allen* Circuit Court.

SULLIVAN, J.—This was an action of debt on a promissory note, made and executed in the city of *New-York,* and payable at the same place. The plaintiffs in their declaration

claim the legal rate of interest in the state of *New-York*, which they aver to be seven *per cent. per annum.* The defendant pleaded *nil debet.* On the trial, the plaintiffs introduced a witness to prove by parol that, by the laws of the state of *New-York*, the legal rate of interest was as they had averred and claimed in their declaration. The defendant objected to the testimony, but it was admitted by the Court, to which the defendant excepted. Judgment was given against the defendant for the debt, and damages at the rate of seven *per cent. per annum.*

The testimony objected to by the defendant should have been rejected by the Court. It has been repeatedly decided, both in the *United States* and in *England*, that the written laws of a foreign state cannot be proved by parol, if the laws themselves can be produced. To allow such proof would be to violate the familiar rule, which requires the best evidence to be adduced that the case admits of. *Consequa* v. *Willings*, 1 Pet. C. C. R. 229.—*Craig* v. *Brown*, Id. 352.— *Packard* v. *Hill*, 2 Wend. 411.—*Kenny* v. *Clarkson*, 1 Johns. R. 385.—3 Pick. 293.—*Clegg* v. *Levy*, 3 Camp. 166.— *Hulle* v. *Heightman*, 4 Esp. R. 75.

By virtue of the act of *Feb.* 17, 1838, (Rev. Stat. 1838, p. 272,) the printed statute-books of any of the states of the Union, purporting to be published by authority, are made *prima facie* evidence, in the courts of this state, of the laws published in them. Were it not for that statute, even the printed statute-book of a sister state would be incompetent to prove the laws of such state, much less, it is manifest, would parol testimony be sufficient for that purpose.

*Per. Curiam.*—The judgment is reversed, and the proceedings subsequent to the issue set aside, with costs. Cause remanded, &c.

*D. H. Colerick* and *W. H. Coombs*, for the plaintiff.

*H. Cooper*, for the defendants.