## HEBERD *v.* MYERS and Others.

The R. S. 1843 contained a provision that the existence and tenor and effect of the laws of any foreign country, might be proved as facts by parol evidence; but if it appeared that the law in question was contained in a written statute or code, the Court might, in its discretion, reject any evidence of such law which was not accompanied by a copy thereof.

That provision, as to the mode of proving a written law, was applicable to the laws of the several states of the *United States*.

Where the Circuit Court has exercised a discretion, without obvious abuse, it is not the subject of review in the Supreme Court.

*Thursday,
May 25.*

ERROR to the *Knox* Circuit Court.

STUART, J.—Assumpsit by *Myers* and others against *Heberd* on a promissory note made in *New-York*, and payable at a particular place in that state. Pleas, the general issue, and a special plea that according to the law of the state of *New-York*, at the time when, &c., a demand at the place, &c., on the day the note fell due, was essential to a right of action. Judgment for the plaintiffs below.

It appears by a bill of exceptions, that the defendants introduced a witness to prove by parol the law of *New-York* on that subject. But on objection made, the Court excluded the evidence. This is the only error complained of.

In favor of the position assumed by the plaintiff in error, we are referred to 1 Greenl. Ev., ss. 486 to 489. But the text does not support that doctrine. Mr. *Greenleaf* lays it

down as the rule, that the laws of the several states are to be proved in the Courts of another state as other foreign laws. They are facts, subject to the same rules of evi- dence as other facts. Of written law a properly authenticated copy is the best evidence. Unwritten laws, customs and usages may be proved by parol. 1 Greenl. Ev. s. 488. The author gives in a note a case decided by Lord *Denman*, in which a wide latitude is given as to the means of proving foreign laws. But it was the decision of a divided bench; and the fact that Mr. *Greenleaf* puts it in a note, and does not adopt the doctrine in the text, shows his opinion of its weight as authority.

This Court has heretofore held that the statute laws of another state can not be proved by parol, if the laws themselves can be produced. *Comparet* v. *Jernegan*, 5 Blackf. 375.

The case at bar is governed by the statute of this state. That provides, that "The existence and tenor and effect of the laws of any foreign country may be proved as facts by parol evidence; but if it appear that the law in question is contained in a written statute or code, the Court may, in their discretion, reject any evidence of such law which is not accompanied by a copy thereof." R. S. 1843, p. 730, s. 313.

The witness introduced to prove the law of *New-York* by parol, was asked whether he was acquainted with the laws of that state, at the date of the note, relative to notes payable at a particular place; and if so, what those laws were? In answer, the witness stated, that at the date of the note, there was a written code of laws for said state. Here, says the bill of exceptions, objection being made, was sustained by the Court, and further evidence by parol touching such laws refused. It might have been better had the witness been permitted to explain somewhat more fully. And it was the right of the party introducing him to have accomplished that object by proper questions. But no other questions than those above given were put to the witness.

Taking the questions and the answer together, it is suffi-

May Term, 1854.

ciently shown that the law of *New-York* on the subject of notes payable at a particular place, was a written law. Under the statute, it rested in the discretion of the Court whether parol evidence should be admitted. Having exercised that discretion without any obvious abuse, it is not the subject of review in this Court.

*Per Curiam.*— The judgment is affirmed, with 2 per cent. damages and costs.

*S. Judah*, for the plaintiff.

*B. M. Thomas* and *W. E. Niblack*, for the defendants.