May Term,
1858.

MAGEE
v.
SANDERSON.

———————

## MAGEE *v.* SANDERSON.

A complaint to foreclose a mortgage must contain a description of the mortgaged premises, and allege that the mortgage was duly recorded in the county where the same are situate.

An answer denying the execution of a written instrument, is not invalid because it is not sworn to; but such an answer excuses proof of the execution of the instrument.

The printed statute-book of another state of the *Union* is not evidence in this state, unless it purports to have been printed under the authority of such state.

APPEAL from the *Delaware* Circuit Court.

DAVISON, J.—Action to foreclose a mortgage. The complaint alleges that one *Elijah Barret*, on the 16th of *April*, 1853, executed to *William Butler* and *Thomas Slocum*, a mortgage, conveying to them a tract of land therein described, as security for the payment of a debt, evidenced by a note amounting to 86 dollars, payable one month after date, with interest at the rate of ten per centum from date; that the contract was made in *Ohio*, and that by an act of the legislature of that state, approved *March* the 30th, 1850, it is enacted "That the parties to any bond, bill, promissory note, or other instrument of writing for the payment or forbearance of money, may stipulate therein for interest, receivable upon the amount of such bond, &c.,

Saturday,
May 29.

at any rate not exceeding ten per cent. yearly." It is averred that the mortgagees, on the 16th of *April*, 1853, assigned the note and mortgage to *Sanderson*, the appellee; and that subsequent to the making and recording of the mortgage, the mortgagor sold and conveyed the premises to *Magee*, the appellant, who had full notice of the mortgage, &c.

The note and mortgage, or either of them, are not set forth in the pleadings; nor do the same, or copies thereof, appear in the record.

*Barret* and *Magee* were made defendants. The former, being notified by publication, was called and defaulted. *Magee* appeared and demurred to the complaint; but his demurrer was overruled. Thereupon he answered. The first paragraph of his answer is as follows: "Defendant denies each and every allegation in the complaint. Particularly, he denies that *Barret* executed the note and mortgage; and he denies that there is any such law, act or statute in the state of *Ohio*, as set forth in the complaint, or any law, as therein stated, authorizing ten per cent. interest. To so much of this paragraph, as denies the execution of the note and mortgage, the plaintiff filed a demurrer, which was sustained. And there being issues of fact, the cause was submitted to the Court, who found for the plaintiff, and, having refused a new trial, rendered judgment of foreclosure, &c.

The complaint, it will be seen, fails to allege a description of the mortgaged premises. Hence, it is insisted, that the demurrer should have been sustained. We are inclined to that opinion. The defect pointed out must be held fatal; because, from the statement of the cause of action, the sheriff could not know on what premises to enter to execute the order of the Court. *Whittelsey* v. *Beall*, 5 Blackf. 143.

But there is another ground upon which the complaint is objectionable. It does not show when or where the mortgage was recorded; and for aught that appears, it may not have been duly recorded in the county where the land

is situate, and hence, not an effective lien on the property
when it was conveyed to the defendant. Van Santvoord's
Pl. 302.

The next inquiry relates to the action of the Court in sustaining the demurrer to a branch of the first paragraph of the answer. The objection is, that the denial of the execution of the note and mortgage is not verified by oath. The code says:

" Where a writing, purporting to have been executed by one of the parties, is the foundation of, or referred to in, any pleading, it may be read in evidence on the trial of the cause against such party, without proving its execution, unless its execution be denied by affidavit before the commencement of the trial, or unless denied by pleading under oath." 2 R. S. p. 44, § 80.

This enactment prescribes a rule of practice, in effect, the same as that prescribed in the revision of 1843, and under that revision it has been often decided that the rule which required a plea to be verified by oath, when it denied the execution of a written instrument, did not render such plea invalid because it was not sworn to. It was deemed to be well pleaded without oath, though it would, when so pleaded, excuse proof of the execution of the instrument. R. S. 1843, c. 40, § 216.—4 Blackf. 417.—1 McLean, 414.—5 Ind. R. 264. This construction, no doubt, applies to the above recited section, and the result is, that the demurrer was not well taken.

During the trial, the plaintiff, in view of proving the law of *Ohio*, fixing the rate of interest, as stated in the complaint, offered in evidence a paper-bound book of 129 pages, and offered to read from its 87th page. On the outside cover of the book is printed " General Laws of the State of Ohio for 1849–50;" and on the title-page the following is printed: " Acts of a General Nature passed by the 48th General Assembly of the State of *Ohio*, begun and held at the City of *Columbus*, *December* the 3d, 1849, and in the 48th year of the State. Vol. 48. *Columbus*: Printed by *Scott & Bascom*, 1850." On the 98th page of the book

there is printed the following: "*Columbus, Ohio, April* 19, 1850. I hereby certify that the foregoing Acts are true copies of the original Rolls now on file in my office. *Henry W. King*, Secretary of State." The book contains an index, and what purport to be the acts of the General Assembly of the state of *Ohio;* but it contains no act relative to printing; nor does it contain any certificate other than the above. The evidence thus offered was, over the defendant's objection, admitted by the Court.

We have a statute which enacts that, "The printed statute-books of the several states, &c., purporting to be printed under the authority of those states, &c., shall be presumptive evidence in all Courts of the legislative acts, public and private, of those states, &c., respectively." 2 R. S. p. 90, § 278. Thus the statute-book of a sister state is not evidence, unless it purports to have been printed under the authority of such state (1). And the inquiry arises, is the book in question within the requirements of the statute? It says that it was printed at *Columbus*, by *Scott & Bascom*, in the year 1850; but it does not show that they had been constituted state printers, or that they had done such printing by virtue of authority derived from the state. There is, indeed, nothing in the description of the book that forbids the conclusion that its printing may have been the result of private enterprise. At all events, the book contained no statement in any degeee tending to show that it was printed under the authority of the state of *Ohio*, and it was, therefore, improperly admitted.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded, &c.

*W. March*, for the appellant.

*T. J. Sample*, for the appellee.

(1) See *Comparet* v. *Jernegan*, 5 Blackf. 375; 1 Greenl. Ev. § 489, and cases cited.