BILLINGSLEY and Wife *v.* DEAN.

If a person give his promissory note payable two years after date, with full legal interest payable semi-annually from date, containing stipulations that, upon failure to pay any installment of such interest when due, the whole debt shall be due and collectable, and that if any such installment, or the principal sum, should not be paid when due, the maker will pay all attorney's fees and other costs and charges incurred in its collection, the whole debt will be due on failure to pay a single installment of interest when due; and the agreement to pay attorneys' fees, &c., does not render the contract usurious, but in a suit upon the contract, the plaintiff would be entitled to recover the reasonable expenses of its enforcement.

The complaint may be amended at any time, so as to cover interest accruing after the commencement of the suit; but if leave to so amend be not asked in the Court below, the Supreme Court will not make the amendment.

To justify action by a Court of this state upon the common law of a foreign state, the law must be proved.

Such proof may be made by putting in evidence the books of reports of the decisions of the Supreme Court of such foreign state.

APPEAL from the *Dearborn* Circuit Court.

PERKINS, J.—This action was brought to foreclose a mortgage executed by *John Billingsley* and wife to *Thompson Dean.* The note, to secure the payment of which the mortgage was given, is as follows:

" *Cincinnati, Ohio, July* 9, 1855. Two years after date I promise to pay to the order of *Thompson Dean* the sum of 8,500 dollars, with interest, at the rate of 10 per cent. per annum, payable semi-annually from date, at the *Commercial Bank of Cincinnati, Ohio,* without relief from valuation laws; and on my failing to pay, when due, any installment of interest as aforesaid, the whole of said sum of money shall become due and collectable with the interest accrued; and if any installment of the interest or the principal sum aforesaid should not be paid when due, I promise to pay to said *Thompson Dean* all attorneys' fees and other costs and charges for the collection thereof, payable and collectable in the manner aforesaid, for value received. [Signed] *John Billingsley.*"

The complaint alleges that the note and mortgage were executed and delivered in the state of *Ohio;* and the statute of that state allowing interest at the rate specified in

Nov. Term,
1858.

BILLINGSLEY
v.
DEAN.

the note is set forth. It is also alleged in the complaint that an installment of interest, being the sum of 425 dollars, became due on the 9th day of *July*, 1856, which *Billingsley* had neglected and refused to pay.

*Billingsley* and wife demurred to the complaint, and, the Court having overruled the demurrer, filed their answer containing three paragraphs, two of which allege that the note was usurious, and the third sets up an alleged payment.

*Dean* replied by a general denial of the whole answer, and a special reply to each paragraph of the answer.

The case was tried by the Court, and the plaintiff below obtained judgment for 10,358 dollars, and for the foreclosure of the mortgage. The record does not profess to set out all the evidence, but a bill of exceptions shows that over the objection of *Billingsley* and wife, *Dean* was permitted to prove the value of attorneys' fees for collecting the sum specified in the note, and that 300 dollars for attorneys' fees in collecting the debt was included in the judgment.

So far, the record presents but three questions, all of which have been settled by the adjudications of this Court—

1. Did the whole debt become due by the failure of *Billingsley* to pay an installment of interest when due according to the terms of the note?

This question is settled in the affirmative by the case of *Ausem* v. *Byrd*, 6 Ind. R. 475.

2. Did the agreement of *Billingsley*, that in the event of his failure to pay the debt according to the terms of the note, he would pay the attorneys' fees for its collection, render the contract usurious? And,

3. Was the plaintiff below entitled to recover on this contract the reasonable expenses of its enforcement by suit?

Both of these questions are decided—the first negatively, and the second affirmatively—in the case of *Gambril* v. *Doe*, 8 Blackf. 140. It was optional with *Billingsley* whether he should become liable to pay the expenses of collecting the debt. That liability could only result from his

own default.  And evidently, when a party agrees to in-
demnify another against the consequences of his own act,
he cannot complain if his contract is enforced against him.
The agreement in the case is reasonable, and there is cer-
tainly no good reason why an agreement on the part of
the debtor to pay an expense resulting necessarily from his
own act should not be held valid in law.

Another question is raised by the bill of exceptions.  On
the trial of the cause, the Court having announced that
the plaintiff should recover the sum specified in the note,
and 300 dollars for attorneys' fees, suggested to the plain-
tiff's attorney to ascertain the amount, who immediately,
in the presence of the Court, made the calculation, and
found that the aggregate sum was 10,358 dollars, while
the amount demanded by the writ and complaint was
10,000 dollars, with an averment in the complaint, subse-
quent to the demand, that the attorneys' fee and other
costs and charges in the collection of said debt were 500
dollars; and thereupon the plaintiff moved the Court for
leave to amend the writ and complaint by inserting "five
hundred," after the words "ten thousand," in the demand
in both instruments, and asked judgment for the amount
ascertained by the calculation, to-wit, 10,358 dollars; and,
in the language of the bill of exceptions, "it appearing
to the Court that the amount demanded, 10,000 dollars,
largely exceeded, at the time said suit was brought, the
amount due: that the cause had been continued on the
affidavits of the defendant, *John Billingsley,* two succes-
sive terms of the Court, during which, and since the term
of the Court next after said suit was brought, 850 dollars
of interest had accrued, which is included in said sum of
10,358 dollars," the leave was granted, and the amendment
made; to the making of which the defendants, *Billingsley*
and wife, objected on the ground that the application was
made too late; "and thereupon," in the language of the
bill of exceptions, "the Court pronounced judgment in fa-
vor of the plaintiff for 10,358 dollars against said *John Bil-
lingsley,* and for the foreclosure of said mortgage against
both of said defendants."

It is impossible that this action of the Court should be deemed erroneous.

" The Court may at any time, in its discretion, and upon such terms as may be deemed proper, for the furtherance of justice, direct the name of any party to be added or stricken out, a mistake in name, description, or legal effect, or in any other respect, to be corrected. Any material allegation to be inserted, struck out, or modified, to conform the pleadings to the facts proved, when the amendment does not substantially change the claim or defense." 2 R. S. p. 48, § 99.

In this instance, the increase of the amount beyond the amount first demanded, resulted from an increase of the interest, a mere consequence of the debt, and that increase, the result of the defendants' own act. Had leave to amend not been asked below, the amendment would not have been made in this Court.

This case is distinguishable from *Comegys* v. *The State Bank*, 6 Ind. R. 357, in this, that in that case there was no agreement to pay attorneys' fees. See Ind. Dig. p. 390, § 18.

It is urged, further, that the note sued on was made in *Ohio;* that, by the common law of that state, it was usurious (see *Bushby* v. *Finn*, 21 Ohio R. 415, and 10 *id.* 378); and that this Court should give effect to the law of *Ohio* in determining upon the validity of the note. The law of this proposition, perhaps, might be correct, if warranted by the facts. But no law of *Ohio* was proved on the trial. It should have been, to justify the Court in acting upon it. See 2 R. S. p. 95. It might have been proved by putting in evidence, in this case, the books of reports of decisions of the Supreme Court of that state.—*Ibid.* The evidence is not in the record. There was no motion for a new trial.

*Per Curiam.*—The judgment is affirmed, with 1 per cent. damages and costs.

*D. S. Major*, for the appellants.

*W. S. Holman*, for the appellee.