Houck, J.
The parties stand in the same position in this court as they stood in the court below, and *111 will be referred to hereafter as the plaintiff and defendants.
The plaintiff brought suit in the common pleas court to recover damages in the sum of $1,568.88 by reason of his eviction from a certain tract of land, lying and being in the state of Tennessee, and for which he had obtained from defendants, for a good and valuable consideration, a deed of general warranty.
Defendants in their answer aver, in substance, that in the suit in which plaintiff claims to have been evicted from the lands plaintiff conspired with the evictors, and for the purpose of defrauding and wronging defendants, and for the sole purpose of constituting a breach of the covenant of warranty in the deed, plaintiff agreed with the evictors that he would not appear in the trial and defend, and that he did not appear, but permitted default judgment to be taken against him and in favor of the evictors; that such agreement was a fraud upon the rights of defendants, and such pretended decree of eviction against plaintiff was fraudulent and void and of no legal effect.
The plaintiff in his reply makes a general denial of all charges and claims of fraud, as set forth in the answer of defendants.
Trial was had to a jury in the common pleas court, and a verdict returned for defendants. A motion was filed for a new trial, which was overruled, and the case is here for review on a petition in error and bill of exceptions, the ultimate relief sought being a reversal of the judgment entered for the defendants.
The errors for which it is claimed a reversal of the judgment should be had are as follows:
*112 1. Misconduct on the part of counsel for defendants, in the presence of the jury, aided and abetted by the trial judge, in which the attorney for plaintiff was charged with altering the pleadings, without the consent of the court or the approval of opposing counsel.
2. Error in admitting testimony offered by defendants.
3. Error in rejecting testimony offered by plaintiff.
We have carefully read all the testimony taken in the case, and have examined all the exhibits offered in the trial; have also read with much interest the briefs filed by counsel.
Coming now to the alleged errors upon which it is sought to reverse the judgment below, let us first discuss the charged error as to the misconduct of the trial judge and counsel.
The following is the entire record of all that occurred at the time:
“Be It Remembered, That at the October term, 1920, to-wit: Tuesday and Wednesday, December 14 and 15,1920, before the Honorable C. H. Wood, and a jury, the plaintiff by his attorney, T. B. Mateer, took exception to the following statement made by attorney for defendants, W. P. Yaughan, viz.:
“Attorney Yaughan: ‘There is one thing I want to call the attention of the court to in this matter. After this petition was filed there was a motion filed to require the plaintiff to separately state and number his causes of action in his petition, and to show what, if any, expense was incurred by plaintiff under each cause of action. 2. In case the above request is not granted, then defendants move the court to strike out of the petition all that portion begin *113 ning -with the words: ‘ ‘plaintiff says that relying on said deed,”, and ending with the words, “in defending his rights to said lands.” ’
“And the court on that motion sustained the defendants, and plaintiff was given leave to amend by interlineation; the interlineation, which was made at the time, is in these words, after alleging they had been to the expense down there: ‘which defendant agreed to repay to plaintiff.’ We let that pass and filed our answer. After the answer was filed, in which we set up the statute of limitations- of the state of Tennessee, without any permission from the court somebody has interlined in the petition in these words: ‘prior to the 1st day of May, 1916.’ That was not in the petition at the time it was filed and was not there at the time we filed our answer, but is there now.
“Atty. Mateer: The entry will show it; the entry will show leave was taken to insert those identical words, and I was just looking for the entry.
“Atty. “Vaughan: These were the words entered at the time the motion was sustained: ‘which defendant agreed to repay to plaintiff.’ At that time we had not set up the statute of limitations, and 1 do not know as it would be material in this case.
“Court: I noticed that last evening in looking over the case; I did not remember it before.
“Atty. Vaughan: It was not put there at the time.
“Atty. Mateer: There is an entry authorizing this interlineation.
“Atty. Vaughan: The entry is on the court docket, made by the court itself.
“Court: You say you do not think it will be material?
*114 “Atty. Vaughan: I do not think it will be material, but do not like to have pleadings tampered with in that way.
“Atty. Mateer: I object to that remark of counsel. I do not want any insinuations; but it is in my handivriting.
“Atty. Vaughan: I say, I saw the pleadings at the time the answer was filed, and it was not there.
“Atty. Mateer: They were all inserted at the same time.
“Atty. Vaughan: There was nothing of that kind there when we filed our answer.
“Atty. Mateer: There is such a motion on file. Where are the papers? And leave given by the court to amend by interlineation. I will go and see if I can find the papers.
“Court: Mateer, you better conle back and try your case.
“Atty. Mateer: I want to take exception to the remark of the court.”
Was this colloquy between counsel and the remark of the trial judge, all of which occurred in the presence of the jury, prejudicial to the rights of the plaintiff in error?
The rule is well settled that errors or irregularities, which do not within themselves establish and clearly show prejudice to the substantial rights of the losing party, are not grounds for setting aside the verdict of the jury. Even substantial errors will not warrant such action on the part of the reviewing court when no injustice has been done the party complaining. Any improper remark made by the trial judge in the presence of the jury, which has a tendency to prejudice their' minds in favor of the prevailing party, and against the unsuccessful par *115 ty, is erroneous, yet such will not warrant a reviewing court to set aside a verdict and judgment in a ease unless it clearly appears that such remark or statement of the judge was materially prejudicial to the losing party, and made with reference .to something that was decisive of the case.
In the instant cause it will be observed that the dialogue between counsel was as to an immaterial question, one conceded not to be decisive of the issues raised by the pleadings, and, upon the other hand, one not determinative of any material fact or legal question in the case. It will further be observed that there was no ruling of the court upon the claimed exception. Therefore, if we had been inclined to do so, we might have passed this claimed error; but we have not done so and have given it attention because counsel for plaintiff in error relied so much upon it as one of his grounds for a reversal of the judgment below.
An objection and exception are necessary in order to lay the foundation for a review of the rulings of the trial court. Objections are made to the court, and after its ruling upon the question an exception may be noted. Objections are to the court, and the exception is and must be taken to such ruling. In the case at bar the judge — iso far as is disclosed by the record — never ruled upon the remarks and statements claimed to have been prejudicial to plaintiff’s rights. In order to preserve the rights of plaintiff the record must affirmatively show the matter objected to by plaintiff, the court’s ruling thereon, and an exception noted thereto. Counsel’s statement, “I want to take exception to the remark of the court,” is not sufficient to present for review the question here attempted to be raised. But *116 passing this, we find no error prejudicial to the plaintiff in the statements of counsel for defendants, and none in the remark of the trial judge.
2. Did the court err in admitting the testimony of E. E. Henry?
Mr. Henry testifies that he is a lawyer, of Pike-ville, Tennessee, and has been since 1897, and as such is familiar with the laws of that state on the question of limitations in real actions, but more commonly known as the seven-year limitations as to real estate, coupled with adverse possession for that time. He then quoted Sections 4456 and 4457 of Shannon’s Code of Tennessee, 1917 edition.
Counsel for plaintiff urges this was prejudicial error, and insists that Section 11498, General Code, provides the exclusive method of proving statutory law of other states.
This is one of the methods, but we do not think it is exclusive. Upon the other hand, we find and hold that the proof offered in the present case was proper and sufficient, and clearly established the statute, as claimed by the defendants.
"We cite the following authorities as being' decisive of the question:
“Notwithstanding the provisions of Sec. 5244, B. S. of Ohio [Section 11498, General Code], which provide the method by which the statutes of other states may be proved in Ohio, they may also be proved by oral testimony of persons learned in the law who testify as experts with respect thereto.” Brady v. Palmer, 19 C. C., 688.
“On the trial in the court of common pleas, to prove the existing law of Pennsylvania governing savings institutions in mailing loans on interest, both sides produced evidence, in the shape of printed *117 copies of statutes, and books of reports of eases adjudicated in the local tribunals; and the plaintiff introduced the depositions of witnesses learned in the law, and of long and extensive practice in the courts of that state. In the light of the evidence thus furnished by the record, we are not disposed to reject the conclusions arrived at by the court below.” Larwell v. Hanover Savings Fund Society, 40 Ohio St., 274, 280.
3. Was it prejudicial error to exclude the testimony of Susannah Smith as to a conversation had with Martha M. Rogers, one of the defendants?
At pages one and two of the record Susannah Smith testified as follows:
“Q. You may state your name to the jury. A. Susannah Smith.
“Q, What relation are you to the plaintiff, Charles R. Smith? A. I am his wife.
“Q. Do you remember the occasion of his purchasing of land in Bledsoe county, Tennessee? A. Yes sir.
‘ ‘ Q. Where was the deed, or in whose office was the deed prepared? A. Mr. Powell’s office.
“Q. Who -was present besides you and Mr. Smith? A. Mr. Rogers and Mrs. Rogers.
“Q. Did you have any conversation with either Mr. or Mrs. Rogers that day? A. Not with Mr. Rogers, but with Mrs. Rogers.
“Q. When was it relative to the time of the delivery of the deed? A. It was after the deed was made and we were going home.
“Q. And what did she say to you? (Question objected to by the defendants.)
‘ ‘ Court : That was after the delivery of the deed ?
‘ ‘ Atty. Mateer: Yes sir.
*118 “Court: Was she a joint maker of this deed?
“Atty. Mateer: Yes sir, a joint maker all the way through.
“Court: She may answer. (Objection, overruled, defendants except.)
“A. As we were leaving Mr. Powell’s office, Mrs. Rogers said to me, she said, ‘I am sorry I sold the land,’ she said, ‘I am afraid it may get us into trouble.’ And I said, ‘Why?’ She did not answer me.
“Atty. Williamson: We ask that that be stricken out.
“Court: That may go out, and the jury will not consider it.
“Atty. Mateer: Upon what theory?
‘ ‘ Court : What she might have thought would not have any bearing in this case. (Motion to strike out sustained, to which ruling • of the court the plaintiff at the time excepted.) ”
From the pleadings and the evidence it is clear that the real issues in the case were as to whether or not defendants had the legal title to the land in question, and whether or not plaintiff perpetrated a fraud upon the defendants in Ms suit to quiet the title to the premises, wMch resulted in the eviction of plaintiff from same.
The conversation of the witness, Susannah Smith, was with one of the defendants herein, Martha M. Rogers, and a joint maker of the warranty deed upon which the recovery in this case is predicated. We are clearly of the opinion that the answer of the witness Smith, in which she stated what Mrs. Rogers told her about the transaction, was proper, and related to a fact that was in issue; that it was concerning a fact to be established in the case by the *119 evidence, and was proper testimony to go to the jury for its consideration.
We find and hold the action of the trial judge in this respect erroneous, and prejudicial to the rights of plaintiff.
Upon a careful review of this case, as presented by the record before us, we are of the unanimous ' opinion that the judgment of the common pleas court should be reversed, upon the ground and for the reasons hereinbefore set forth.

Judgment reversed, and cause remanded for new trial.

Shields and Patterson, JJ., concur.