SMITH *v.* SMITH.

[No. 13,508.   Filed October 25, 1929.   Rehearing denied February 7, 1930.]

*Donald Baker*, for appellant.
*Herbert R. Criss* and *Jenkines & Jenkines*, for appellee.

REMY, J.—Action by appellee against appellant and his brother, M. A. Smith, to recover damages for breach of lease contract, the damages sought being the rental value of the leased premises for the remainder of the lease term, appellant and his brother having vacated the premises before the expiration of the lease, and having refused to make further payment of rent. Complaint in one paragraph, in which it is averred, in substance, that appellee is the owner of the property in question, which is located in the city of Danville, Illinois; that appellee is, and at all times has been, a resident of that state; that, on June 15, 1924, the lease in controversy was executed by appellant and his brother as lessees and by appellee as lessor; that, by the terms of the lease, appellee was to receive as rental the sum of $3,250, for the term of 26 months, same to be paid in monthly payments of $125; that appellee had in all things complied with the terms of the contract, but that appellant and his brother had failed and refused to pay the rental for the period from January 15, 1926, to August 15, 1926, to plaintiff's damage in the sum of $875, judgment for which is demanded.

Answer in two paragraphs: (1) Denial; and (2) pleading that, under the laws of Illinois, which were alleged to govern the contract, it was the duty of appellee, upon a breach of appellant, to use due diligence to re-rent the premises for remainder of term, which she failed to do. Incorporated in the answer are certain opinions of the Supreme Court of Illinois, which it is averred correctly state the law of that commonwealth at the time in question. Reply in denial to second paragraph of

answer closed the issues. Trial resulted in a verdict and judgment for plaintiff, appellee herein.

The only alleged error properly assigned is the action of the court in overruling motion for new trial.

On the trial, the important issue was that presented by the second paragraph of answer, in support of which, appellant introduced in evidence what purported to be certified copies of certain opinions of the Supreme Court of Illinois; to meet this evidence, appellee placed upon the witness stand, as an expert, a member of the bar of that state, who testified that Illinois was a common-law state; that the Supreme Court opinions which had been introduced in evidence by appellant had been in part overruled by later written decisions of that court, which later decisions the witness read as a part of his testimony.

Before the case was submitted, appellant requested the court to instruct the jury that the laws of another state must be proved by means of copies duly attested by the proper officers of the courts of that state; the tendered instruction being substantially in the language of §905 of the Code of Civil Procedure (§497 Burns 1926).

It is contended by appellant that, to prove the law of Illinois as alleged in the second paragraph of answer, the method prescribed by §905 of the Code is exclusive, and that the refusal to give the instruction was, therefore, reversible error. We do not concur in that view. Appellant has overlooked other sections of the Code (§§342 and 343 Code of Civil Procedure, §§506 and 507 Burns 1926), which prescribe a method by which the laws of another state, other than legislative enactments, may be proved. Section 342 provides that: "The unwritten or common law of any other of the United States . . . may be proved as facts by parol evidence; and the books of reports of cases adjudged in their courts may also be admitted in evidence of such law." Section 343 is as follows: "The existence and

tenor or effect of the laws of any foreign country may be proved as facts by parol evidence; but if it shall appear that the law in question is contained in a written statute or code, the court may, in its discretion, reject any evidence of such law which is not accompanied by a copy thereof."

Clearly, under these provisions of the Code, it was proper to introduce the parol testimony of an expert as to the state of the law of Illinois on the issue presented by the second paragraph of answer, and that the court did not err in refusing to give the tendered instruction. See *Heberd* v. *Myers* (1854), 5 Ind. 94; *Billingsley* v. *Dean* (1858), 11 Ind. 331; *Bierhaus* v. *Western Union Tel. Co.* (1893), 8 Ind. App. 246, 34 N. E. 581; *Smith* v. *Rogers* (1922), 16 Ohio App. 110; *Brady* v. *Palmer* (1899), 19 Ohio Cir. Ct. 687.

Complaint is made of the action of the court in refusing to give certain other instructions tendered by appellant; but, upon examination, we find that, in so far as the instructions so tendered state the law correctly, they were covered by other instructions given by the court.

The verdict is sustained by sufficient evidence.

Affirmed.