**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4320
_____

UNITED STATES OF AMERICA

v.

ALAN D. GARRETT,
a/k/a Allen Garrett, a/k/a Allan Garrett,
a/k/a Tyrone Garrett, a/k/a Tyree Garrett,
a/k/a Tyrell Garrett

Alan D. Garrett,
                                    Appellant
_____

Appeal from the United States District
Court of New Jersey
(District Court No. 1-11-cr-00242-001)
District Judge: Honorable Jerome B. Simandle
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 26, 2017
_____

Before: SMITH, *Chief Judge*, McKEE, and RESTREPO, *Circuit Judges*.

(Opinion filed: June 19, 2018)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

McKEE, *Circuit Judge*.

Alan Garrett filed this *pro se* appeal of the District Court's revocation of his supervised release. Garrett's counsel has moved to withdraw under *Anders v. California*,[1] based upon counsel's conclusion that there are no meritorious appellate issues. For the following reasons, we will affirm the judgment of the District Court, grant counsel's motion to withdraw and deny Garrett's request for appointment of new counsel.[2]

## I.

In 2011, Garrett was convicted of illegal possession of a firearm by a convicted felon, and was sentenced to 77 months' imprisonment with an additional 36 months' supervised release following his guilty plea. He began serving the term of supervised release on May 9, 2016. Just over a month later, Garrett was charged with aggravated assault, possession of a weapon for unlawful purposes, and possession of a weapon by a convicted felon. Subsequently, these charges were dropped in exchange for Garrett pleading guilty to hindering apprehension in state court. That plea and the resulting state

---

[1] 386 U.S. 738 (1967).
[2] Pursuant to Local Appellate Rule 109(a), we deny Garrett's request for new counsel because we find no arguable merit to Garrett's appeal, nor do we find counsel's *Anders* brief inadequate to assist our review.

conviction caused his federal probation officer to petition for a violation of his supervised release because Garrett had "commit[ed] another federal, state, or local crime."[3]

Garrett argued that he had not violated his supervised release because: (a) under New Jersey law, this violation was not a crime, but a disorderly persons offense; (b) the term of supervised release that required him to not commit another federal, state, or local crime was impermissibly vague; and (c) the probation officer wrongly petitioned for a warrant when Garrett had not, in fact, violated or breached the Probation Office's trust. The District Court disagreed and Garrett now appeals the revocation order.

On appeal, Garrett essentially reprises the arguments he made at his revocation hearing and he asks for appointment of new counsel. His counsel asks permission to withdraw. For the reasons below, we will affirm the judgment of the District Court, grant counsel's motion to withdraw, and deny Garrett's request for appointment of new counsel.

## II.

We exercise plenary review over *Anders* motions to withdraw.[4] Our inquiry proceeds in two steps.[5] First, we must determine "whether counsel adequately fulfilled

---

[3] App. at 63 (internal quotation omitted). The probation officer also petitioned for a warrant on the basis of Garrett's charge of possession of a handgun, though the District Court ultimately granted the Government's motion to dismiss this violation of Garrett's supervised release. *Id.* at 67, 96-97.

[4] *Simon v. Gov't of the Virgin Islands*, 679 F.3d 109, 114 (3d Cir. 2012).

[5] *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

the requirements [of 3d Cir. L.A.R. 109.2(a)]."[6] We then evaluate "whether an independent review of the record presents any nonfrivolous issues."[7] If we are convinced that counsel's brief satisfied the requirements of Rule 109.2(a), identified all appealable issues, and explained why those issues are frivolous, we must then conduct our own review of the record.[8] However, that review is limited "to those portions of the record identified by an adequate *Anders* brief . . . [and] those issues raised in Appellant's *pro se* brief."[9]

Counsel has satisfied the first element because his brief comports with Rule 109.2(a). It identifies all potentially appealable issues—each of which Garrett raises in his *pro se* brief—and finds that all of these issues would be frivolous. These include: (1) whether the state law violation of hindering apprehension is a crime; (2) whether the conditions of Garrett's supervised release are impermissibly vague; (3) whether the Probation Office abused its discretion by filing a violation petition where Garrett had not breached the trust of the Probation Office while on supervision; and (4) whether the

---

[6] *Simon*, 679 F.3d at 114. According to 3d Cir. L.A.R. 109.2(a), "counsel may file a motion to withdraw and supporting brief pursuant to *Anders* . . . , which must be served upon the appellant and the United States." The United States must then file and the "[a]ppellant . . . may also file . . . pro se" briefs in response. 3d Cir. L.A.R. 109.2(a). After the briefs are referred to a merits panel of this Court, we grant counsel's *Anders* motion and dispose of the appeal without appointing new counsel if we "agree[] that the appeal is without merit." *Id.* If we find "arguable merit to the appeal, or that the *Anders* brief is inadequate to assist [our] review," we appoint substitute counsel, order supplemental briefing and restore the case to the calendar. *Id.*
[7] *Simon*, 679 F.3d at 114.
[8] 3d Cir. L.A.R. 109(2)(a).
[9] *Youla*, 241 F.3d at 301.

sentence imposed was unreasonable. Counsel's brief adequately discusses our precedent, distinguishes cases cited by Garrett, and applies the law to the facts of this case.

We also find that counsel has satisfied the second prong of our inquiry because, as explained below, our review of the record presents no further non-frivolous issues for appeal. Therefore, we will grant counsel's motion to withdraw.

**III.**

In his *pro se* brief, Garrett first argues that under New Jersey law, hindering apprehension is a disorderly persons offense and not a crime. We do not agree. We find compelling the District Court's reasoning that hindering apprehension qualifies as a crime because it is included in New Jersey's criminal code and is punishable by up to six months in prison.[10] Garrett's conviction therefore violated the condition of his supervised release prohibiting him from committing a new state or local crime.[11]

We also disagree with Garrett's contention that the terms of his supervised release were vague. We have held that "a condition of supervised release violates due process and is void for vagueness if it either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application."[12] The terms of Garrett's supervised release explicitly stated

---

[10] *See* N.J. Stat. § 2C:43-8.

[11] *See United States v. Dean*, 329 F. App'x. 377, 379 (3d Cir. 2009) (disorderly person offense under New Jersey state law was properly classified as a crime under federal law for purposes of calculating criminal history); *see also* U.S.S.G. § 7B1.1(a)(3) ("a federal, state, or local offense punishable by a term of imprisonment of one year or less" constitutes a Grade C violation of supervised release).

[12] *United States v. Lee*, 315 F.3d 206, 214 (3d Cir. 2003) (quotation and citation omitted).

that he "not commit another federal, state, or local *crime*."[13]  As we have just noted,

Garrett's conviction clearly fell within the definition of an illegal act.

Garrett argues that the probation officer abused her discretion because Garrett did

not intentionally breach the officer's trust.  Rather, Garrett alleges that he "act[ed] with

proper care and caution."[14] U.S.S.G. § 7B1.2(b) states:

> The probation officer shall promptly report to the court any alleged Grade C violation unless the officer determines: (1) that such violation is minor, and not part of a continuing pattern of violations; and (2) that non-reporting will not present an undue risk to an individual or the public or be inconsistent with any directive of the court relative to the reporting of violations.

While § 7B1.2(b) does not define a minor violation, the commentary to the statute directs

the probation officer to "promptly report to the court any alleged Grade C violation"

unless it is analogous to "an isolated failure to file a monthly report or a minor traffic

infraction."[15]  As the District Court noted, this violation came within a month of the

beginning of Garrett's term of supervised release.[16]  The Probation Office obtained a state

investigative report that the District Court found "spelled out . . . very serious conduct by

Mr. Garrett."[17]  The subsequent report from the Probation Office detailed that Garrett was

arrested for aggravated assault, possession of a weapon by a convicted felon, and other

---

[13] App. 31 (emphasis added) (internal quotation omitted).
[14] Appellant's *Pro Se* Br. 3.
[15] U.S.S.G. § 7B1.2, cmt. n.1.
[16] App. 113.
[17] *Id.*

crimes, and that he eventually pled guilty to hindering apprehension.[18] Given this

information, it is clear that there was no abuse of discretion here.

Finally, Garrett argues that the resulting one-year-and-one-day sentence imposed

by the District Court was unreasonable. In examining the reasonableness of the sentence,

we must determine whether the District Court gave meaningful consideration to the

relevant sentencing factors under U.S.S.G. § 3553(a)[19]—while applying a "deferential

standard" to the District Court's decision.[20] Specifically, we determine if the District

Court "reasonably applied [the § 3553(a) standards] to the circumstances of th[is] case."[21]

---

[18] *Id.* at 63, 67.

[19] *See United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006), *abrogated by Rita v. United States*, 551 U.S. 338 (2007). The factors under § 3553(a) are:

> (1) the nature and circumstance of the offense and the history and characteristics of the defendant;
>
> (2) the need for sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available; [and]
>
> (4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines.

*Id.* (quoting 18 U.S.S.G. § 3553(a)).

[20] *Id.* at 330.

[21] *Id.*

Here, the District Court relied on Garrett's guilty plea to a Grade C violation and his Category VI criminal history level in sentencing Garrett to one year and a day. Garrett's sentence fell within the advisory guidelines range of 8 to 14 months' imprisonment.[22] Moreover, the District Court gave meaningful consideration to many of the § 3553(a) factors, including Garrett's extensive criminal history,[23] his willingness to "deflect responsibility for the things that he's clearly responsible for[,]"[24] and the fact that he committed a new crime within a month of being placed on supervised release.[25] The District Court's sentence was clearly reasonable.

## IV.

For the reasons above, we will affirm the judgment of the District Court, deny Garrett's request for appointment of new counsel, and grant counsel's motion to withdraw.

---

[22] *See* U.S.S.G. § 7B1.4(a).
[23] App. 141.
[24] *Id.* at 143.
[25] *Id.* at 113.